Commonwealth ex rel. Smith, Appellant, *v.*
Russell.

Submitted May 25, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*David L. Smith,* appellant, in propria persona.

. *Henry T. Crocker* and *Richard A. Devlin,* Assistant District Attorneys, and *Richard S. Lowe,* District Attorney, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 24, 1966:
David L. Smith, the petitioner in this case, seeking release on a writ of habeas corpus, is a lucky man. He shot a man in the face with a shotgun standing only 13 or 14 feet away and the sentencing judge before whom he pleaded guilty generally, sentenced him to

the maximum penalty for the crime of voluntary manslaughter when he could, with the established facts and in full conscience, have found him guilty of murder in the second degree and imposed the sentence inherent to that crime.

Smith alleges in his petition that his constitutional rights were violated in that he had no counsel at his preliminary hearing; that he was "coerced" into signing a statement admitting homicide; and that when represented by counsel, the latter was incompetent. None of these averments has merit. The court below in denying the petition said: "This petition is the third filed by Smith concerning the same conviction. The allegations of this petition are the same as those in the other petitions, 6207385. A hearing was held on the first petition, which was denied. The order denying the second petition was accompanied by an opinion. This petition is denied for the reasons set forth in that opinion."

As to the petitioner's claim of constitutional invasion in not having counsel at his preliminary hearing on July 3, 1961, the record shows that when, nearly four months later, he pleaded guilty in open court, with a lawyer standing at his side, he acknowledged that everything he had stated to the police officers was the truth, that he had not been coerced, and he unbosomed himself as follows: "So, I said, 'I am not scared to tell the truth.' So he asked me a question and that is how the statement came about. They treated me real nice. I was not made to give it. I had the chance to read it, correct it to the best of my ability and I did this before I signed it. I did it. I was not advised—I was not told to do this or told to do that. I was only advised against it if I was lying, that they would find out, to just tell the truth. So I kept on telling the truth."

Whatever Smith may have said at the preliminary hearing did not become a necessary or even relevant ingredient to the proof of his guilt. "It must further be observed that the relator pleaded guilty in open court and the circumstances of his extra-judicial confession need not concern us." *Com. ex rel. Robinson v. Rundle,* 409 Pa. 462.

The petitioner then claims that he really had no effective lawyer's assistance at his trial because his lawyer failed to call several witnesses to testify in his behalf. The record reveals that the testimony referred to would have had no material bearing on the case.

He also complains that his counsel, on the day of his hearing when he pleaded guilty, also represented the victim's brother in another courtroom. No further elaboration is made. This assertion standing by itself does not support a charge of conflict of loyalty. On the contrary, a reading of the record, particularly his counsel's plea for leniency, shows that the petitioner indeed had competent and effective representation.

The petitioner's entire argument for release is no more persuasive or convincing than was his statement at the trial that he really did not intend to kill his victim because he did not "deliberately aim" his shotgun at him; he only fired it in his "direction." He was quite fortunate that the sentencing judge, out of compassion and mercy, aimed only generally in sentencing the petitioner, David L. Smith. Had the law hit a bull's eye, Mr. Smith would have to languish in prison for at least that period of time which customarily accompanies a sentence for second degree murder, instead of voluntary manslaughter.

Affirmed.