Commonwealth ex rel. Keys, Appellant, *v.* Tees.

Submitted March 23, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Wilfred Keys,* appellant, in propria persona.

*Armand Della Porta, Samuel Dash,* Assistant District Attorneys, *Michael von Moschzisker,* First Assistant District Attorney and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY RHODES, P. J., August 30, 1954:

Relator's petition for writ of habeas corpus was dismissed after hearing by the Court of Common Pleas No. 4 of Philadelphia County. Relator was present and testified.

Relator and four others were charged in thirty-five bills of indictment (Nos. 854-888, October Sessions, 1941) with various crimes. On October 30, 1941, each entered pleas of guilty on the respective bills in which he was charged with a criminal offense. Defendants were represented by separate counsel, and relator had for his attorney the late John R. K. Scott, Esq. After the entry of the pleas and the presentation of the Commonwealth's evidence, in which defendants' counsel, including relator's, participated in the cross-examination of the Commonwealth witnesses, relator was sentenced on bill No. 858, October Sessions, 1941, Court of Oyer and Terminer of Philadelphia County, charging assault with intent to rob while armed with an

offensive weapon, to the Eastern State Penitentiary for a term of not less than five years nor more than twenty years, the same to begin to be served at "expiration of violated parole" on bills Nos. 988-991, March Sessions, 1933. On March 30, 1933, relator had been sentenced on bill of indictment No. 989, March Sessions, 1933, to the Eastern State Penitentiary for a term of not less than five years nor more than ten years, and on bill No. 990 for a term of not less than two and one-half years nor more than five years, the same to begin to be served at the expiration of sentence on bill No. 989. Both indictments charged relator with burglary.

Relator was released on parole on September 30, 1940, after serving seven years and six months of the sentence imposed March 30, 1933. On October 30, 1941, relator was returned to the penitentiary as a parole violator under the commitments of which he complains on this appeal. Relator was again paroled on March 30, 1949, and was returned to the penitentiary with a new commitment as a parole violator on March 28, 1950.

His maximum sentence, according to the penitentiary records, would expire on January 31, 1965. Several detainers have been lodged.

On October 6, 1953, relator filed this petition for writ of habeas corpus in which he maintained for the first time that his conviction was illegal because prior to his arraignment the police obtained from him by the use of force an involuntary confession. In his petition he attempted to question the jurisdiction of the trial court, the validity of the bills of indictment, his detention prior to sentence, and his arrest. These matters are without merit and require no comment. Relator's testimony at the hearing on his petition related to the alleged forced confession. He testified as

to the alleged mistreatment whereby the police obtained a signed confession; and he further testified as to his continuing fear at the time of his pleas of guilty and the imposition of sentence. Relator never told anyone of the alleged abuse by the police although a member of his own family and his attorney visited him prior to the disposition of the charges against him. He also testified that he was afraid to say that he had been abused, and that he did not tell the trial court because he did not think he would get fair treatment from the court itself. He acknowledged, however, that his attorney was one of the best criminal lawyers in the city of Philadelphia.

At the conclusion of his testimony which was the only evidence offered in this habeas corpus proceeding, the court stated that the record did not substantiate relator's petition, and that he had attempted to make up facts to come within the scope of other decisions.

The burden was upon relator to prove averments which furnish an adequate reason for relief. *Com. ex rel. Johnson v. Dye,* 159 Pa. Superior Ct. 542, 548, 49 A. 2d 195; *Com. ex rel. Master v. Baldi,* 166 Pa. Superior Ct. 413, 418, 72 A. 2d 150. Relator alleged that he had been beaten until he signed a confession; but neither the confession nor the substance of any alleged confession was introduced in evidence before the trial judge or made a part of the trial record which we have examined. The court below was justified in not believing relator's story which was both contradictory and incredible.

The credibility of witnesses, including the relator, is for the hearing judge; and even uncontradicted testimony of a witness need not be accepted as true. *Com. ex rel. Reese v. Claudy,* 170 Pa. Superior Ct. 488, 498, 87 A. 2d 492; *Com. ex rel. Uhler v. Burke,* 172 Pa.

Superior Ct. 108, 115, 91 A. 2d 913; *Com. ex rel. Paylor v. Claudy*, 173 Pa. Superior Ct. 336, 342, 98 A. 2d 468.

The action of the court below in dismissing relator's petition was in conformity with the record before it.

Order is affirmed.