Commonwealth ex rel. Robinson, Appellant, *v.* Rundle.

Submitted October 8, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Richard A. Robinson,* appellant, in propria persona.

*Louis Abromson* and *William Claney Smith,* Assistant District Attorneys, and *Edward C. Boyle,* District Attorney, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 8, 1963:

In July of 1955, the relator, while undergoing psychiatric treatment in an Ohio institution, told the treating physician that he, the relator, had committed a homicide in Pittsburgh some years earlier. The homicide to which he referred was the murder of one Lawrence Scott in July of 1952. The physician reported this information and the relator was interrogated by Ohio police officers and, subsequently, by county detectives and an assistant district attorney from Allegheny County. The relator gave a signed and wit-

nessed statement in which he detailed the commission of the crime, and after he had waived extradition, he was returned to Pennsylvania for prosecution.

Relator entered a plea of guilty to murder generally and a court en banc, after taking testimony, fixed the degree of guilt at first degree murder and sentenced the relator to life imprisonment. No appeal was taken from the judgment of sentence. Relator has now filed a petition for a writ of habeas corpus, alleging that he was denied due process of law. The court below granted a hearing and subsequently, in a well considered opinion, dismissed the writ; this appeal followed.

In his petition and by this appeal, the relator attacks the validity of his confession and of his guilty plea. He complains that: (1) his confession in the Ohio hospital was made without benefit of counsel; (2) his confession was made at a time when he was mentally ill; (3) his guilty plea was invalid because made at a time when he was mentally ill; and (4) he was not properly represented by counsel at trial.

Due process of law does not require the presence of counsel prior to arrest and indictment, counsel is not indispensable during police interrogation. It must further be observed that the relator pleaded guilty in open court and the circumstances of his extra-judicial confession need not concern us. As to his contention of incompetency, there is no support in the record for such a conclusion. The evidence is clear that the relator, while he might have been emotionally unstable, was sane and fully cognizant of his actions and their consequences when he confessed and entered his guilty plea.* There is no hint in the record of any undue influence being practiced upon the relator to induce a confession or guilty plea. These conclusions are further reinforced by the careful examination of the re-

---

* The affirmative defense of insanity at the time of the commission of the crime was, of course, not raised at trial.

lator by the trial court. The completeness of the interrogation and the forthrightness of relator's answers convince us that he was fully aware of the consequences of his actions. The court was at great pains to advise the relator of his constitutional rights and they were fully protected.

Relator's final contention is wholly without merit. He was represented at trial by a prominent, highly experienced and competent lawyer of his own choosing, who was careful to protect his client's rights at every step of the proceedings.

The record in the case at bar does not substantiate the relator's contentions in any respect, and the court below properly dismissed the petition.

Order affirmed.