## Commonwealth ex rel. Rogers, Appellant, *v.* Russell.

Submitted June 10, 1963. Before RHODES, P. J., ER-VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Norman Lee Rogers,* appellant, in propria persona.

*Allan W. Lugg,* District Attorney, for appellee.

OPINION BY RHODES, P. J., September 12, 1963:

This is an appeal from the dismissal of a petition for writ of habeas corpus after hearing.

Defendant, Norman Lee Rogers, was arrested on July 13, 1961, and was subsequently indicted on six indictments charging him with burglary and larceny. On August 18, 1961, defendant was arraigned before President Judge LIPEZ of the Court of Quarter Sessions of Clinton County at which time the charges were read to defendant who admitted his guilt on all charges with the exception of one count of burglary. No formal pleas were entered, but on the same day counsel was appointed to represent defendant.

On August 29, 1961, defendant, with counsel, appeared before President Judge LIPEZ and the charges were again explained to him. Defendant entered pleas

of guilty to the burglaries and to larceny. One burglary charge was nol prossed.

On August 29, 1961, defendant was sentenced to four concurrent terms of not less than four years nor more than twenty years to be served in the State Correctional Institution at Pittsburgh.

On July 7, 1962, defendant filed a petition for writ of habeas corpus which was dismissed without a hearing.

On October 4, 1962, defendant filed another petition for writ of habeas corpus. In his petition defendant alleged that he was coerced into a plea of guilty by extreme psychological pressure, and that his mental faculties were impaired by barbiturates at the time the pleas were entered. At the hearing defendant appeared with counsel and witnesses.

On this appeal defendant contends (1) that his mental faculties were impaired by doses of drugs; (2) that defendant's pleas of guilty were a result of coercion and intimidation; and (3) that the court, at the hearing on the habeas corpus petition, entered into the question of defendant's guilt.

In a habeas corpus proceeding the judgment of conviction carries with it a presumption of regularity, and when one undertakes to overcome it he has the burden of convincing the court of the truth of his averments by evidence which is clear and convincing. *Com. ex rel. Schenck v. Banmiller*, 190 Pa. Superior Ct. 467, 469, 154 A. 2d 320, certiorari denied 363 U.S. 847, 80 S. Ct. 1623, 4 L. Ed. 2d 1731. There is nothing in the record to show or prove that defendant was drugged at the time of his pleas or that he was coerced to plead guilty to the crimes charged. *Com. ex rel. Robinson v. Rundle*, 409 Pa. 462, 187 A. 2d 178; *Com ex rel. Kern v. Banmiller*, 199 Pa. Superior Ct. 599, 187 A. 2d 185.

At the habeas corpus hearing a physician testified that, at six o'clock on the evening before defendant

was sentenced, he injected into defendant a mild sedative to relax and relieve anxiety, and that there are no side effects or hangover from this drug. He further testified that he left a tablet with the sheriff to be used if defendant did not respond to the injection. The tablet was a mild sleeping pill with no after effects.

On the afternoon of the day of sentencing, after the pleas were entered, defendant asked to be heard. The court and defendant engaged in the following discussion:

"Q. Were you groggy this morning when you entered your plea? A. Yes, sir. Q. Did you understand what you were doing? A. Yes, sir. Q. You did. You had consulted with Mr. O'Connor, had you not. And he had fully advised you of your rights? A. Yes, your Honor. Q. And you knew perfectly well what was meant when he explained to you your rights, did you not? A. Yes, sir. Q. Do you now understand your rights? A. Yes, sir. Q. Did you understand your rights this morning? A. Yes, sir. Q. Did you understand whether or not you were entering pleas of guilty? A. Yes, sir. Q. Was your understanding this morning any different than it was several days ago when you were arraigned before this Court? Everything was patiently explained to you? A. Yes, sir. Q. You had no different understanding? A. Yes, sir. Q. You understood this morning as well as you did several days ago? A. Yes, sir. Q. Is there any question in your mind as to whether or not you are guilty of these charges to which you entered pleas of guilty? A. No, your Honor. Q. None whatsoever? A. No, sir. Q. Is there any reason that you know of, that the Court should not proceed to pass sentence upon you? A. No, sir. Q. Are you trying to tell us now that because you had some pills,—what did you have, some sleeping pills the night before? A. Shots,—Q. Yes, because you weren't able to sleep? Is that it? Are you trying to tell us

that that affected you in any way? A. Yes, it did. Q. In what way? A. I seemed groggy and sick. Q. Do you understand what you did this morning when you entered pleas of guilty? A. Yes, sir. Q. You did? Was there any question in your mind that you were guilty? A. No, sir. Q. Is there any question in your mind now that you are guilty of those offenses for which you entered pleas of guilty? A. No, your Honor. Q. Then why are you raising this question at this moment? A. I would like to say some things that I didn't say this morning. Q. What did you want to say now? A. I would like to say that I wasn't the instigator of all of these things that happened as it was pointed out. Q. Well, I think you said this morning, didn't you? A. No, I didn't. Q. Well, what else do you wish to say? A. Just that if the Court would see fit to give me leniency to stay here in this County where I could see my people because that is going to hurt me more than it ever did before."

The court below found that defendant was fully competent at the time he entered his pleas. This finding of fact is supported by substantial and competent evidence and will not be disturbed. *Com. ex rel. Keys v. Tees*, 176 Pa. Superior Ct. 211, 214, 107 A. 2d 582. The testimony does not indicate that defendant's pleas of guilty were coerced. In addition to the testimony recited, the testimony of defendant substantiates the finding that the pleas were voluntary. His rights were fully explained to him and counsel was appointed for him. Defendant wrote two letters to the court below and one to the District Attorney. The letters were admitted into evidence. The letters indicated that defendant was sorry for what he did, but they did not deny his guilt. Besides, at those times he did not claim coercion in his pleas. Defendant did not mention at the time of his pleas or at the time of sentencing that he was coerced. His counsel conferred with him in detail

and stated defendant would not plead to one count of burglary but would plead to larceny. Defendant's explanation for his refusal to plead to one of the burglary charges evidenced understanding and a willingness to plead.

The question involved in a habeas corpus hearing is not whether the relator is guilty or innocent but whether his conviction was obtained by violating his constitutional rights. *Com. ex rel. Sheeler v. Burke,* 367 Pa. 152, 157, 79 A. 2d 654.

Our review of the testimony of the habeas corpus hearing reveals that the court below did not specifically enter upon the question of defendant's guilt or innocence.

During the hearing, defendant was questioned by the court and the District Attorney in regard to his testimony at the time the charges were formally read to him and at the time he entered his pleas of guilty. He was also questioned extensively as to occurrences during the course of interrogation by the police. In so far as these questions concerned defendant's guilt or innocence, they were related to appellant's allegations that he was coerced or drugged, and were necessary to determine these issues.

The order of the court below is affirmed.