Commonwealth, Appellant, *v.* Tabb.

Argued November 17, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Paula S. Rand,* Assistant District Attorney, with her *Joseph M. Smith,* Assistant District Attorney, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellant.

*Cecil B. Moore,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 16, 1965:

Lincoln L. Tabb, after trial, was convicted by a jury of murder in the second degree. Motions in arrest of judgment and for a new trial were filed and, after argument, the court en banc granted the motion in arrest of judgment. The Commonwealth filed an appeal from said order to this Court.

After the foregoing appeal was entered and perfect-. ed by the filing of the writ of certiorari in the court below, the lower court sua sponte reconsidered its action sustaining the motion in arrest of judgment, vacated said order and then ordered a new trial. From this order, the Commonwealth filed a second appeal.[1]

The lower court lacked jurisdiction to reverse and modify its original order, or to further proceed with the cause, after the appeal therefrom had been entered and perfected: *Harwood v. Bruhn*, 313 Pa. 337, 170 A. 144 (1934), and *Commonwealth ex rel. Podvasnik v. Podvasnik*, 198 Pa. Superior Ct. 107, 181 A. 2d 843 (1962). The Act of June 1, 1959, P. L. 342, No. 70, §1, 12 P.S. §1032, cited by the court below as authority for its action has no application. That statute merely preserves the power of the court for a period of thirty days to alter an order or judgment previously entered, notwithstanding the fact that the term of the court has expired in the meantime. It applies only to those instances wherein the court still has jurisdiction of the cause. In the present case, the court below lost all jurisdiction upon perfection of the appeal. The second order entered by the court below granting a new trial and reversing its previous order entering the arrest of judgment is, therefore, vacated.

The next question for determination is the correctness of the lower court's order in sustaining the motion in arrest of judgment. Our conclusion is that this order was likewise erroneous.

The basis for this action was the conclusion of the court below that the trial court erred in admitting in evidence at trial a confession of the accused, and that,

---

[1] The Commonwealth may appeal from an order granting a new trial in a criminal case where the issue involved is purely one of law. See, *Commonwealth v. Melton*, 406 Pa. 343, 178 A. 2d 728 (1962), and *Commonwealth v. Hartman*, 383 Pa. 461, 119 A. 2d 211 (1956).

since without the confession the evidence was insufficient to sustain the conviction, the judgment necessarily had to be arrested.

The court misconstrued the test to be applied in considering a motion in arrest of judgment. In passing upon such a motion, the sufficiency of the evidence must be evaluated upon the *entire trial record*. All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove. See, *Commonwealth v. Moore,* 398 Pa. 198, 157 A. 2d 65 (1959), and *Commonwealth v. Wright,* 383 Pa. 532, 119 A. 2d 492 (1956). Also, in passing upon such a motion, all evidence actually received must be considered, whether the trial rulings thereon were right or wrong. Cf. *Rosche v. McCoy,* 397 Pa. 615, 156 A. 2d 307 (1959); *Commonwealth v. Harbaugh,* 197 Pa. Superior Ct. 587, 179 A. 2d 656 (1962); and, *Commonwealth v. Wright,* supra (by implication). See also, *Commonwealth v. Turner,* 389 Pa. 239, 133 A. 2d 187 (1957). Reading the *entire* testimony in the present case in the light most favorable to the Commonwealth, it is unquestionably sufficient to sustain the guilty verdict. The order sustaining the motion in arrest of judgment must, therefore, be set aside.

Ordinarily, we would return the record to the court below to further consider the pending motion for a new trial. However, the reasons assigned herein and in support thereof obviously lack substance and merit. They are three in number urging only that the evidence was insufficient and that the verdict was contrary to the weight of the evidence. The record clearly discloses that a new trial should not be granted for any of these asserted reasons. The only question requiring further consideration, and upon its determination will

rest the ultimate decision of whether or not a new trial should be granted, is the voluntariness and admissibility of the accused's confession introduced at trial.

The question of the voluntariness of the confession involved was left by the trial judge for the jury to resolve.[2] Under *Jackson v. Denno,* 378 U. S. 368 (1964), in accordance with the requirements of due process, the accused is entitled to have this question determined by the court in a proceeding separate and apart from the proceedings before the trial jury: *Commonwealth ex rel. Gaito v. Maroney,* 416 Pa. 199, 204 A. 2d 758 (1964). *Jackson* is retroactive: *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965). The record will, therefore, be remanded with directions to the lower court to conduct such a hearing and to record its findings of fact and conclusions, and then enter an appropriate order based thereon.

In Appeal No. 275, the order below is vacated.

In Appeal No. 263, the order is reversed.

The record is remanded with directions to proceed as hereinbefore indicated.

---

[2] The trial court did conduct a hearing in the absence of the jury concerning the voluntariness of the confession. However, this was for the limited purpose of determining if there were at least prima facie evidence to sustain the conclusion that the confession was voluntarily given. The court did not then arrive at any independent conclusion as to its voluntariness, but concluded the question was one solely for the jury to resolve.