## Tarbuck v. Tarbuck

*Sanford S. Finder,* for plaintiff.

*Bloom, Bloom, Rosenberg & Bloom, Stephen I. Richman,* for defendant.

McCUNE, J., May 21, 1965.—This matter involves the bill of costs filed by plaintiff in a divorce action.

On or about June 11, 1964, this court awarded plaintiff a divorce A.V.M. and by the decree imposed the costs on defendant. We have followed the practice routinely of entering a judgment for divorce costs against defendant when the decree awarding the divorce is made. These costs encompass the usual and customary master's fee and the bill for transcribing testimony which, because this action was contested, amounted to more than usual.

From this decree an appeal was taken and the Superior Court affirmed the order of this court. Defendant contends that the appeal was not taken from the final decree but from the opinion and order of June 2, 1964, which stated that upon payment of attorneys' fees and alimony the divorce would be filed. The Superior Court treated the appeal as having been taken from the decree awarding the divorce.

Meanwhile an order was made awarding counsel fees to defendant wife in the amount of $500 so she could take her appeal. Plaintiff also appealed this order alleging it was improper.

Following the order of the Superior Court which affirmed our order awarding attorneys' fees as well, plaintiff filed a bill of costs including $100 for additional master's hearings and $297 for transcribing testimony and $135.24 for printing paper books. Defendant has objected to the allowance of these costs.

Although this court has the power under the Act of May 2, 1929, P. L. 1237, sec. 56, 23 PS §56, to award costs to the party in whose behalf the decree shall be entered or order that each party pay his own costs as shall appear just and reasonable, we doubt that we can adjust or change the decree awarding the divorce and the costs now that the Superior Court has affirmed that decree. Has this order not become fixed? Is it not

res adjudicata? Even though we would wish to adjust it the time appears to have vanished within which this could be done because this decree in its entirety has now been affirmed. A lower court lacks jurisdiction to modify its original order after an appeal therefrom has been perfected. See Commonwealth v. Tabb, 417 Pa. 13 (1965).

The law with respect to the cost of printing paper books appears to be settled by the Act of April 15, 1907, P. L. 83, as amended, 12 PS §1193: "In all cases, either in law or equity, wherein an appeal is taken from any judgment, decree or order to the Supreme or Superior Court, the party in whose favor the final decision is rendered shall be entitled to charge and collect from the losing party as part of the costs, such amount as shall have been expended for printing paperbooks upon said appeal."

Under the cases—See Mahony v. Boenning et al., 139 Pa. Superior Ct. 428 (1939) and Matthews v. Tyrone Coal Company, 74 Pa. Superior Ct. 588 (1920) —one who receives the decision in the appellate court may collect the cost of his paper books from the loser. Plaintiff both won and lost. He won in the case where defendant appealed the awarding of the divorce. He lost in his appeal to overrule our award of fees. His paperbooks were about equally divided in their reference to the respective arguments. We will therefore allow plaintiff only one-half the cost of the paperbooks or $67.62 plus $397 or a total of $464.62. In the event counsel fees have not yet been paid to defendant they shall be paid together with any alimony due whereupon plaintiff may tax as costs the master's fee, the transcription of testimony and one-half the cost of his paperbooks. If desired setoff may be used.

No order should be indexed in Quarter Sessions for alimony and in case this has been done the order shall be considered to rest at this number and term.