Commonwealth *v.* Maybee, Petitioner.

. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

·Daniel T. Zamos and Anthony C. Troiano, Assistant Defenders, and George H. Ross, Defender, for petitioners.

Edwin J. Martin and Charles B. Watkins, Assistant District Attorneys, and Robert W. Duggan, District Attorney, for Commonwealth, respondent.

OPINION BY MR. JUSTICE ROBERTS, March 15, 1968:

It has long been fundamental to the criminal jurisprudence of this Commonwealth that a necessary predicate to any conviction is proof of the corpus delicti, i.e., the occurrence of an injury or loss and someone's criminality as the source of this injury or loss. See *Commonwealth v. Burns*, 409 Pa. 619, 627, 187 A. 2d 552, 556-57 (1963); *Commonwealth v. Turza*, 340 Pa. 128, 133, 16 A. 2d 401, 404 (1940). Although the corpus delicti may be proven by circumstantial evidence, see *Commonwealth v. Homeyer*, 373 Pa. 150, 94 A. 2d 743 (1953); *Commonwealth v. Gardner*, 282 Pa. 458, 128 Atl. 87 (1925), the circumstantial evidence employed must be admissible evidence. The present controversy concerns the application of these principles.

Frank Maybee and James McCray were convicted in November of 1965 by a judge sitting without a jury and received two concurrent sentences of 2 to 4 years for burglary and larceny. These convictions were af-

firmed without opinion by the Superior Court and a petition for allocatur was then filed. This petition is granted, the order of the Superior Court is reversed and the judgment of sentence of the Court of Oyer and Terminer of Allegheny County is reversed.

The totality of the Commonwealth's case consisted of testimony of four police officers.[1] Appellants contend, and we agree, that the admissible testimony was insufficient to prove the corpus delicti for the testimony concerning the ownership of the allegedly stolen goods was hearsay. Thomas Prendergast, Chief of Police of the Borough of Sewickley, testified that on the morning of May 21, 1965 two men reported that their automobiles, parked in the lot of the Sewickley Inn, had been burglarized. According to Prendergast, these two men gave the Sewickley Borough police a list of the items taken which was broadcast to the various police departments in the surrounding area. Some time later a call was received from the Moon Township police that they had two men in custody who had been driving an automobile containing clothing which matched the list earlier broadcast. Prendergast further testified that the owners of the burglarized vehicles subsequently identified the clothing as theirs.

The second of the four officers, Police Lieutenant Frank Tyler of Moon Township, testified that he was "staked-out" at the Howard Johnson Motor Inn when a white 1959 Chrysler pulled into the motel parking lot and, upon noticing a police car parked in the lot, immediately returned to the highway. A 100 mile per hour chase ensued; approximately four miles from the motel the Chrysler's engine caught fire and the vehi-

---

[1] Although the Commonwealth's case did include statements allegedly made by appellants, these statements can play no role in our determination of whether the corpus delicti was demonstrated. *Commonwealth v. Burns,* supra; *Commonwealth v. Turza,* supra.

cle's two occupants, identified by Tyler as appellants, fled. Although Tyler was unable to apprehend appellants, he testified that he observed a considerable amount of clothing on the back seat of the Chrysler. Patrolman Frank Schramm of Robinson Township testified that he subsequently arrested Maybee and Officer Joseph Pantuso of Collier Township said that he arrested McCray.[2]

Two Superior Court cases have considered a similar problem and well delineate the controlling considerations. In *Commonwealth v. Gold,* 155 Pa. Superior Ct. 364, 38 A. 2d 486 (1944), defendant was charged with larceny. One Gans, a police officer, testified that the owner of the allegedly stolen property (Goldsmith) had identified the property as stolen. However, at trial Goldsmith insisted that the goods could have been stolen but that it was equally possible that defendant had purchased the items from either his (Goldsmith's) or another store. The Superior Court, holding that the Commonwealth had failed to prove the corpus delicti, stated (supra at 369-70, 38 A. 2d at 488-89) : "This is not the case of proof solely upon circumstantial evidence which we have frequently upheld, but a clear case of failure of the Commonwealth to prove the ownership of the articles alleged to have been stolen or received. . . . [T]he proof did not establish the allegations of the indictment that the goods were the property of the Supply Company, or who was the real owner." *Commonwealth v. Cohan,* 177 Pa. Superior Ct. 532, 111 A. 2d 182 (1955) was a prosecution for receiving stolen goods. Although the owner of the stolen items did not testify, the thief did and stated that he sold these items to defendant. *Cohan* contains the following explanation of *Gold* (supra at 539,

---

[2] Appellant's counsel demurred to the Commonwealth's evidence but this demurrer was not sustained.

111 A. 2d at 185-86) : "That the property was stolen is an element of the crime which must be proven by the Commonwealth. But the owner is not the only person who can establish it.

. . .

"The point of the Gold case is not that the *owner* must identify the goods as having been stolen, but that if there is *no* evidence that the goods were stolen there can be no conviction for either larceny or receiving stolen goods." (Emphasis in original.)

We believe it clear that the present case falls on the *Gold* side of the line. The testimony of officers Tyler, Schramm and Pantuso contains not one line in any way indicating the ownership of the allegedly stolen items and the Commonwealth must therefore rest solely on the events recited by Chief Prendergast. The bulk of Prendergast's testimony, however, consisted of inadmissible hearsay, and was objected to as such by appellants' counsel at trial. Thus, Prendergast's recitation that he was told by two men that their vehicles were burglarized, that he received a radio message from Moon Township that an automobile had been captured containing clothing and that these two car owners later told him that the recovered clothing was theirs was inadmissible.[3] The Commonwealth's evidence on the issue of ownership is thus identical with that contained in *Gold* and consisted of hearsay that a third party told the testifying officer that the items were theirs. Absent any demonstration through admissible evidence that the clothing was stolen, the corpus delicti was not proven and these convictions must be reversed. However, we may not grant a motion in arrest of judgment on a diminished record, see, e.g.,

---

[3] Nor is this Court aware of any exception to the hearsay rule permitting admission of the above testimony. Compare *Commonwealth v. Maccaglia*, 24 Beaver Cty. L.J. 25 (1962).

*Commonwealth v. Tabb,* 417 Pa. 13, 207 A. 2d 884 (1965), and therefore only a new trial is granted.

The petition for allocatur is granted, the order of the Superior Court is reversed, the judgments of sentence of the Court of Oyer and Terminer of Allegheny County are reversed, and new trials are granted.