MacPHAIL, P. J.,
— In this case, on motion of the district attorney at a pretrial conference, three cases were joined for trial, to wit: October term 1969, no. 98, wherein Patsy L. Braithwaite was indicted on a charge of driving under the influence, October term 1969, no. 99, wherein Charles Braithwaite was indicted on charges of permitting a person to operate a motor vehicle while under the influence of intoxicating liquor and driving while under the influence of intoxicating liquor and October term 1969, no. 100, wherein Patsy L. Braithwaite and Charles Braithwaite were indicted on a charge of resisting arrest. Following a jury trial, the court directed a verdict in defendant’s favor in October term 1969, no. 99. The jury found defendant guilty in October term 1969, no. 98, and found Patsy L. Braithwaite guilty and Charles Braithwaite not guilty on October term 1969, no. 100. Patsy L. Braithwaite filed timely motions for a new trial and in arrest of judgment with respect to the jury verdicts against her.
*627 At the time cases were consolidated for trial, defense counsel offered strenuous objections to the Commonwealth’s motion with respect thereto. While it was obvious that all of the charges grew out of the same circumstances, the problem lay in the fact that Patsy L. Braithwaite and Charles Braithwaite were husband and wife at the time the circumstances occurred which led to the filing of the charges and they were husband and wife at the time of trial.
Factually, the charges grew out of a minor accident wherein a panel truck struck a mailbox along the State highway and then came to a stop. The noise from the crash attracted the attention of persons in the area who went to see what the cause of the noise was. One of the witnesses observed a female emerge from the passenger’s side of the vehicle who then went to the driver’s side and appeared to be tugging or pushing something in the front seat of the car. Immediately thereafter, a man got out of the truck on the passenger side thereof, stood erect momentarily, then staggered and fell down. Both parties were then observed re-entering the truck. The man got in on the driver’s side and the woman on the passenger’s side and apparently the vehicle was going to leave. At this point, the witness who had observed these matters went directly to the truck where he observed the male in the driver’s seat. The witness told the driver that there had been some property damage and that the truck should not be moved until the police were called. At this point, the witness also observed a second lady in the truck. After the police were called and while the parties were waiting for the police to arrive, the female first observed outside of the truck, who later turned out to be the defendant Patsy L. Braithwaite kept insisting that she was the operator of the truck. She also told the investigating officer at the scene that she was the operator. There was ample *628 evidence from the Commonwealth’s witnesses that she was under the influence at the time of the incident in question.
In considering the motion in arrest of judgment, the only issue is whether or not the evidence in the case is sufficient to sustain the verdict, notwithstanding the rulings at trial on the admissibility of evidence: Commonwealth v. Tabb, 417 Pa. 13 (1965). Under this rule, the motion in arrest of judgment on the charge of driving under the influence against defendant Patsy L. Braithwaite must be denied.
At the trial, defendant Charles Braithwaite, elected to take the stand in his own behalf. During the crossexamination by the district attorney, defendant was asked, “Were you driving?” The witness responded in the negative. Counsel for defendants objected to the question after defendant had answered. The objection was overruled.
It is now alleged that this ruling was erroneous and was prejudicial to defendant Patsy L. Braithwaite. Defense counsel’s argument is that the question compelled a response from the witness which would be, and was, tantamount to testimony against his wife in violation of the Act of May 23, 1887, P. L. 158, as amended, 19 PS §683. The Commonwealth’s position is that the question was perfectly proper, since the husband-defendant was not asked whether or not his wife was driving, but only whether he, the husband, was driving. In Novic et al. v. Fenics et al. 337 Pa. 529 (1940), it was held that where the testimony of a spouse would necessarily be “against” the other, the spouse would not be competent to testify.
Applying the rule in the Novic case to the circumstances now before us, it appears to us that the husband’s answer to the district attorney’s question would either incriminate himself and exonerate his *629 wife or exonerate himself and by implication incriminate his wife, since one of the elements of the crime which the Commonwealth had to prove against Mrs. Braithwaite was that she was driving. To put the matter in even clearer perspective, if the cases had not been consolidated for trial, and were tried separately, the Commonwealth would not have been permitted to call Mr. Braithwaite as their own witness to testify that he was not driving. The only reason the evidence came into the within case was because Mr. Braithwaite elected to take the stand in his own behalf and thus exposed himself to crossexamination. While the law appears to be that a witness cannot be made to testify against his or her spouse by a crossexamination which goes into matters not brought out in the direct examination (see Wharton’s Criminal Evidence, Vol. 3, Sec. 765), that rule would not be controlling here, because the husband was not a witness but a party to the action. Our opinion, however, would be that the same rule should be applicable. We conclude that our ruling was in error and that this error was not cured by the fact that Mrs. Braithwaite also elected to take the stand in her own behalf and testified, over objection, that she was, in fact, driving.
There was no such problem, however, with respect to the trial of the indictment charging both defendants with resisting arrest. In that matter, there was no testimony by either spouse against the other. All of the testimony given by both witnesses concerning this charge was in support of one another and our law is that either spouse is fully competent to testify in favor of the other: Commonwealth v. Weber, 167 Pa. 153 (1895). On the charge of resisting arrest, there was ample evidence to support the jury’s verdict if the evidence of the Commonwealth was believed. *630 The jury chose to believe that evidence and, therefore, that verdict will not be disturbed.
ORDER OF COURT
And now, July 6, 1971, the motion for a new trial on indictment October term 1969, no. 98, is sustained. The motion in arrest of judgment is denied. The motions for a new trial and in arrest of judgment on indictment October term 1969, no. 100, are denied and defendant is directed to appear for sentence at the call of the district attorney.