Commonwealth, Appellant, *v.* Siegel.

Argued November 17, 1972. Before WRIGHT, P. J., JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ. (WATKINS, J., absent.)

*J. Alan Johnson,* Assistant District Attorney, with him *Carol Mary Los,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellant.

*Wendell G. Freeland,* with him *Lichtenstein & Bartiromo,* for appellee.

OPINION BY JACOBS, J., March 27, 1973:

At 9:00 p.m., on October 17, 1970, two police officers of Mount Lebanon Township, Allegheny County, observed a flash of light from within an automobile parked in a Mount Lebanon church parking lot. One of the officers subsequently testified that the flash was suggestive to him of a fire in the interior of the vehicle and that as a result he approached the driver's side of the car. His police report and trial testimony are in conflict as to whether at this point he knocked on the car window or merely continued to observe the vehicle.[1] The defendant, who was seated in the driver's position, rolled down his window, whereupon the officer observed smoke within the car and noted a strong smell of marihuana. He also observed defendant's female companion place a cigarette on the car seat.

It is unclear whether defendant and his companion were immediately told they were under arrest or whether the second officer's act of opening the passenger door and examining the cigarette, which he concluded

---

[1] In his police report, the officer stated he had knocked on the window; at trial, he testified that he had not.

contained marihuana, preceded notification of arrest.[2] In either event, after being informed of his constitutional rights, defendant voluntarily produced a small envelope from the car containing an additional quantity of marihuana.

On January 3, 1972, defendant was tried nonjury for corrupting the morals of a minor and for possession of narcotic drugs. After denial at trial of his application to suppress evidence and statements resulting from the above-described incident, defendant was acquitted on the charge of corrupting the morals of a minor and convicted on the charge of possession of narcotic drugs. Timely motions in arrest of judgment and for a new trial were filed. Subsequently, the lower court in banc granted defendant's motion in arrest of judgment.

The Commonwealth appeals.

It appears from the opinion of the lower court in banc that the order in arrest of judgment was based upon a ruling that the evidence was insufficient to sustain the verdict. It further appears that the insufficiency of evidence resulted from a view of the record as it would have been constituted had defendant's application to suppress the evidence been granted—the lower court being of the opinion that the denial of the application was erroneous.[3]

---

[2] The trial testimony of the officer who opened the door is not clear as to when the notification of arrest occurred in relation to the opening of the door; his fellow officer placed the door-opening prior to notification of arrest.

[3] The lower court, having determined that defendant's person was seized without probable cause in violation of the Fourth Amendment, excluded evidence resulting from the arrest. See *Commonwealth v. Santiago*, 220 Pa. Superior Ct. 111, 283 A.2d 709 (1971). Because of the disposition we make of this case, it is not necessary to decide whether the evidence was obtained in violation of the Fourth Amendment and therefore inadmissible.

As to the power of a court in banc to review a suppression order after verdict, see *Commonwealth v. Bonser*, 215 Pa. Superior

In so viewing the record, the lower court in banc was in error. "[I]n passing upon [a motion in arrest of judgment], all evidence actually received must be considered, whether the trial rulings thereon were right or wrong." *Commonwealth v. Tabb,* 417 Pa. 13, 16, 207 A.2d 884, 886 (1965) (lower court held in error in granting motion in arrest of judgment on ground of insufficient evidence, having excluded in retrospect a confession it believed unconstitutionally obtained and improperly admitted). *See also Commonwealth v. Hazlett,* 429 Pa. 476, 240 A.2d 555 (1968) ; *Commonwealth v. Crews,* 429 Pa. 16, 239 A.2d 350 (1968) ; *Commonwealth v. Maybee,* 429 Pa. 222, 239 A.2d 332 (1968). When the evidence actually received in the present case is considered, and when it is viewed in the light most favorable to the Commonwealth, with the Commonwealth receiving the benefit of all reasonable inferences therefrom,[4] it was certainly sufficient to sustain the verdict. Consequently, the order of the lower court must be reversed and the record remanded for disposition of the pending motion for a new trial.

Order reversed with a procedendo.

---

Ct. 452, 258 A.2d 675 (1969) (power upheld in disposition of defendant's motion for new trial where suppression hearing judge had denied application to suppress).

[4] *See Commonwealth v. Tabb,* 417 Pa. 13, 207 A.2d 884 (1965).