# Commonwealth, Appellant, v. Yoder.

Argued June 13, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Louise G. Herr,* Assistant District Attorney, with her *Mary Anne Motter,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellant.

*William C. Haynes,* Assistant Public Defender, submitted a brief for appellee.

OPINION PER CURIAM, September 22, 1975:

This is an appeal by the Commonwealth from a lower court order granting the appellee's motion in arrest of judgment.[1] The court premised its decision on the conclusion that the trial court erred in failing to suppress the fruits of an illegal search. Reviewing the record diminished by the tainted evidence, the court found the evidence insufficient and concluded that judgment would necessarily have to be arrested.

Judgment may not be arrested, however, upon a diminished record. "In passing upon such a motion, the

---

1. "Where the question is purely one of law the Commonwealth may appeal from an adverse ruling in a criminal case." *Commonwealth v. Blevins,* 453 Pa. 481, 482, 309 A.2d 421, 422 (1973).

sufficiency of the evidence must be evaluated upon the *entire trial record* . . . [A]ll evidence actually received must be considered, whether the trial rulings thereon were right or wrong." *Commonwealth v. Tabb,* 417 Pa. 13, 16, 207 A.2d 884, 886 (1965) (emphasis original) ; *see also Commonwealth v. Siegel,* 223 Pa. Superior Ct. 398, 302 A.2d 461 (1973). Upon determining that an error was committed by the suppression hearing court, the court should have granted the motion for a new trial.

The order granting arrest of judgment is vacated and appellee is granted a new trial. *See Commonwealth v. Maybee,* 429 Pa. 222, 239 A.2d 332 (1968).

---

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent. While I agree with the position of the Court, as expressed in the Opinion Per Curiam, that consideration of a motion for arrest of judgment must be based on the record as a whole, I conclude that the Order should be reversed on substantive grounds.

The record shows that appellee at first informed the investigating troopers that they could search the vehicle only with a search warrant. Appellee and one other were riding in a car which the State Police stopped for a violation of The Vehicle Code. Smelling marijuana, seeing smoke emanating from the ash tray which appellee had just closed, and observing appellee locking the glove compartment all led the troopers to believe that crime was afoot. In the interim between appellee's refusal to allow a search and the arrival of a warrant, appellee consented to the search and signed a form so stating. It was then that four glassine bags of marijuana (109.2 grams) were found in the automobile, the finding of which marijuana was the basis for a subsequent suppression motion, which was denied by the trial court.

At the hearing on appellee's motion in arrest of judgment, the lower court en banc determined that the evi-

dence should have been suppressed because it was based on an unlawful search, i.e., a search for which consent was not freely given. Without this evidence, the court en banc concluded that there would have been no evidence against appellee, and granted the motion in arrest of judgment. The Majority finds error here.

I would go further than my Brothers of this Court and address the issue of consent to search. Appellee's demand for a search warrant is some indication that he knew his rights. When the troopers radioed ahead for the procurement of a warrant, and waited at the scene, appellee must have known that his demand was being honored. I believe that his subsequent consent, prior to the arrival of the warrant document, was freely given. See *Commonwealth v. Smith*, 201 Pa. Superior Ct. 506, 193 A.2d 687 (1963) and cf., *Commonwealth v. Boyer*, 455 Pa. 283, 314 A.2d 317 (1974). At no point in the instant situation did the troopers act against the wishes of appellee. See *Commonwealth v. Anderson*, 208 Pa. Superior Ct. 323, 222 A.2d 495 (1966).

I would reverse the Order arresting judgment and discharging appellee, reinstate the verdict of the trial judge (who sat without a jury), and remand to the lower court for sentencing.

PRICE, J., joins in this dissenting opinion.