## Commonwealth v. Heft

*Gary G. Krafft, Assistant District Attorney,* for Commonwealth.

*R. S. Trigg,* for defendant.

ECKMAN, *J.,* March 31, 1980—Presently before the court are the post-trial motions in arrest of judgment and for a new trial filed by defendant, Grace Doris Heft.

On June 27, 1979, defendant was charged in two separate informations (nos. 1064 and 1065 of 1979) with two counts of arson and related offenses.[1] A pre-trial motion seeking the suppression of a statement to the police was filed by defendant. The case was called for trial on September 12, 1979, at which time a hearing was conducted on the suppression motion. The motion to suppress was dismissed and the case proceeded to trial. During the course of the trial, defendant's statement was admitted into evidence. The jury returned a verdict of guilty on information no. 1065 of 1979, and an acquittal on information no. 1064 of 1079. Defendant subsequently filed timely written post-trial motions.

In asking the court to arrest judgment, defendant avers that (1) the verdict was contrary to the evidence, (2) the verdict was contrary to the weight of

---

1. Crimes Code, 18 Pa.C.S.A. §3301(b).

the evidence, (3) the verdict was contrary to the law, and that (4) the evidence presented was insufficient to sustain the verdict. In passing upon a motion in arrest of judgment, the sufficiency of the evidence must be evaluated upon the entire trial record. All of the evidence must be viewed in the light most favorable to the Commonwealth, including all inferences to be drawn therefrom: Com. v. Tabb, 417 Pa. 13, 207 A. 2d 884 (1965). Reading the entire record of testimony in the light most favorable to the Commonwealth, we believe it is sufficient to sustain the guilty verdict rendered by the jury. Defendant's motion in arrest of judgment must be dismissed.

Defendant contends that she is entitled to a new trial because the court erred in refusing to suppress her statement. Counsel for defendant argues that defendant, who is 27 years of age, but who is mentally retarded with the mental capacity of a nine year old and an I.Q. of 62, must be given an opportunity to consult with an interested and informed parent or adult or counsel before she may waive her Miranda[2] rights. In essence, defendant argues that the preconditions set forth in Com. v. Smith, 472 Pa. 492, 372 A. 2d 797 (1977), to a finding of a voluntary waiver of Miranda rights by a juvenile shall be extended to an adult suspect who is mentally retarded. Our research disclosed no authority for this proposition and defense counsel has failed to provide us with any.

We now consider whether the record in fact supports a knowing and intelligent waiver by defendant of her Miranda rights. Defense counsel does not contend that the confession was involuntary. The

2. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966).

burden of showing an effective waiver of one's Miranda rights rests with the Commonwealth: Com. v. Smith, supra.

At the suppression hearing there was evidence from a clinical psychologist called by the defense that defendant possessed an I.Q. in terms of verbal skills of 53, an I.Q. in terms of performance skills of 80, and a full scale I.Q. of 62. In terms of I.Q. defendant was approximately nine years of age. Defendant was 27 years old chronologically. Detective Warden, the arresting officer, testified that he read defendant her Miranda rights and then explained these rights to defendant in common language. After Detective Warden advised defendant of her rights, she consented to speak with him. The testimony of the clinical psychologist established that defendant had the mental capacity to understand the Miranda rights and to make a choice as to whether or not to speak. In view of this testimony, we believe that the Commonwealth met its burden of showing a knowing and intelligent waiver of defendant's Miranda rights. See Com. v. Johnson, 467 Pa. 146, 354 A. 2d 886 (1976); Com. v. Tucker, 461 Pa. 191, 335 A. 2d 704 (1975); and Com. v. Daniels, 451 Pa. 163, 301 A. 2d 841 (1973).

Defendant also asserts that she is entitled to a new trial because the Commonwealth introduced evidence of other crimes of defendant in the form of testimony concerning other fires set by defendant. It must be remembered that defendant was brought to trial on two separate arson charges, i.e., one that occurred between November 30 and December 1, 1978, of which she was found guilty, and another that occurred between November 25 and November 27, 1978, of which she was acquitted. The evidence to which defendant objects makes

reference to the latter arson charge. We find no merit to defendant's assertion that the Commonwealth introduced evidence of other crimes.

Accordingly, we enter the following

### ORDER

And now, March 31, 1980, for the foregoing reasons, the motions in arrest of judgment and for a new trial filed by defendant, Grace Doris Heft, are denied. The Probation Department, Adult Division, is directed to prepare a pre-sentence report on defendant to be completed as soon as possible.

As soon as the pre-sentence report is completed, defendant is directed to appear for sentencing at the call of the District Attorney.