544 A.2d 1129

Eureka Stone Quarry, Inc., Appellant v. Commonwealth of Pennsylvania, Appellee.

Argued February 25, 1988, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Marcus S. Saitschenko*, with him, *John A. VanLuvanee, Eastburn and. Gray*, for appellant.

*Amil M. Minora*, Assistant District Attorney, with him, *Ernest D. Preate, Jr.*, District Attorney, for appellee.

OPINION BY JUDGE DOYLE, August 1, 1988:

Before us is an appeal by Eureka Stone Quarry (Appellant) from an order of the Court of Common Pleas of Lackawanna County denying Appellant's motions for arrest of judgment and for a new trial.

This case involves three summary citations issued to Appellant in September and November of 1985 by the Department of Environmental Resources (DER). Two of these citations alleged that Appellant operated a stone quarry which is a stationary air contamination source, and permitted visible particulate matter to pass outside the stone quarry's property in violation of 25 Pa. Code §123.1 and Section 8 of the Air Pollution Control Act (Act).[1] A third summary citation was issued against Appellant alleging that Appellant's operations at its

---

[1] Act of January 8, 1960, P.L. (1959) 2119, *as amended,* 35 P.S. §4008.

stone quarry plant were in violation of the operating permit issued by DER and in violation of Section 8 of the Act as well as 25 Pa. Code §127.25. Regulation 127.25 prohibits, *inter alia,* permitting the operation of an air contamination source in a manner inconsistent with good operating practices.

On February 6, 1986, a hearing was held before a district justice and Appellant was found guilty on all charges. Thereafter, an appeal was taken and a *de novo* hearing was held before the common pleas court. Again, Appellant was found guilty on all three charges. Appellant then filed motions in arrest of judgment and for a new trial, which were denied. In its appeal to this court, Appellant asserts that the trial court abused its discretion in denying its motions. We cannot agree.[2]

Appellant raises four issues on appeal. The first is whether there is adequate evidence on the record to support a conviction under 25 Pa. Code §123.2. Section 123.2 provides:

No person shall cause, suffer, or permit fugitive particulate matter to be emitted into the outdoor atmosphere from any source or sources specified in §123.1(a)(1)-(9) (relating to prohibition of certain fugitive emissions) *if such emis-*

---

[2] In reviewing the court's denial of these motions, we must first determine whether the evidence presented at the hearing was sufficient to support a guilty verdict. It is well settled that:

In passing upon such a motion [in arrest of judgment], the sufficiency of the evidence must be evaluated upon the *entire trial record.* All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove.

*Commonwealth v. Meadows,* 471 Pa. 201, 205, 369 A.2d 1266, 1268 (1977) (quoting *Commonwealth v. Tabb,* 417 Pa. 13, 16, 207 A.2d 884, 886 (1965)) (emphasis in original).

*sions are visible, at any time, at the point such emissions pass outside the person's property.* (Emphasis added.)

Appellant asserts that the record shows that the only area where dust was observed coming from its plant was on the floor of the quarry itself and not from any of the enumerated sources listed in Section §123.1(a)(1)-123.1(a)(9); and further asserts that DER failed to meet its burden to prove that Appellant had caused, suffered or allowed the emission in question. We cannot agree.

In this case, DER presented the testimony of Peter DeSabella, who, at the time of Appellant's hearing, had been an air quality specialist for twelve years. Mr. DeSabella testified that he had received complaints from Appellant's neighboring landowners regarding Appellant's operations. He then visited Appellant's quarry and he saw dust blowing in the air passing outside Appellant's property. Mr. DeSabella further testified that the dust was coming from the actual stone crushing areas, *viz.;* the crushing and conveying areas, the drop-off points into the stockpiles of material, as well as from some of the large, flat haulage ways. Mr. DeSabella also testified that the use of equipment to measure the amount of dust escaping into the air is not required. Viewing this evidence in the light most favorable to the Commonwealth, we conclude that it was not unreasonable for the trial court to infer that Appellant caused the prohibited emissions to be emitted into the atmosphere outside of its own property.

Appellant next contends that DER did not give it adequate notice of these alleged violations thereby denying it procedural due process. Appellant's argument centers around the fact that written notice was not sent directly to Eureka Stone Quarry Inc., but rather, to J.D.M. Materials in Philadelphia, and that notification was sent to James D. Morrisey, rather than W.J.

Donaldson.[3] We believe this argument to be devoid of merit.

Mr. DeSabella testified on behalf of DER, stating that he verbally notified the quarry foreman of the violation and told the foreman that Appellant could be prosecuted for the violation. Mr. DeSabella also testified that he sent a notification letter to James D. Morrisey. Mr. Morrisey signed Appellant's application to DER for plan approval as the official having primary responsibility for the design and operation of the quarry. Further, according to testimony and the application itself, Mr. Morrisey is the president of the Appellant corporation. We believe that since Mr. Morrisey signed this application, giving his address at J.D.M. Materials, the DER was justified in sending notification to him, and, accordingly, we do not believe that Appellant's due process rights were violated.

The next issue raised by Appellant is that the trial court committed error by finding that Appellant's procedures to prevent the particulate matter from escaping into the atmosphere were inadequate. We believe this assertion to be incorrect. Evidence is present in the record which shows that Appellant had, in the past, used a water spraying system that effectively took care of its emission problem, and that this system was in accordance with DER regulations. Mr. DeSabella testified, however, that this water suppression system was no longer fully operational, and that Appellant needed a better system to suppress the dust escaping into the atmosphere. Furthermore, an engineer employed at the quarry, Mr. J.D. Donaldson, testified that other methods of suppression were available to Appellant, yet Ap-

---

[3] Appellant contends that W.J. Donaldson is the person named on Appellant's plan approval application to the DER, to be contacted on behalf of Appellant.

pellant has chosen not to implement such systems because they were not economical.

Appellant has a duty under the Act to prevent particulate matter from visibly escaping into the atmosphere onto another's property. *See* 25 Pa. Code §123.2. This duty encompasses a responsibility to provide an adequate suppression system where and when it is necessary. Since it has been established that dust is escaping from Appellant's quarry, and that there are many methods available to Appellant to prevent this problem, we believe the trial court was correct in finding Appellant's suppression system to be inadequate.

Finally, Appellant maintains that the lower court abused its discretion by finding it liable because the emissions complained of were caused by strong winds picking up the dust from inactive areas of its property. Appellant points to the language of 25 Pa. Code §123.2. This regulation, as stated above, provides that contaminants should not be permitted to enter the outdoor atmosphere by reason of the *stockpiling* of materials. It is Appellant's contention that the regulation is targeted toward *active* operations, and that this regulation does not seek to punish persons who contaminate from *inactive* operations. We do not find this interpretation of Section 123.2 to be persuasive. Whether the pollutants are from active or inactive operations, the detriment to the public is the same. We, therefore, hold that the regulation refers to *stockpiling* of materials pertaining to both active and inactive operations.

Accordingly, having determined that the trial court committed no error or abuse of discretion, we affirm its order.

ORDER

Now, August 1, 1988, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is hereby affirmed.