J-A19005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| STEVEN KEITH BIRNEY | : | |
| Appellant | : | No. 2087 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 8, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0003143-2020

BEFORE:  BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

CONCURRING MEMORANDUM BY PELLEGRINI, J.:

**FILED DECEMBER 11, 2023**

In this appeal, Birney contends that the trial court erred in finding that he was an SVP because the Commonwealth's sole witness, the SOAB expert, relied exclusively upon unproven and inadmissible hearsay in collateral third-party documents in making that determination.  Relying on ***Commonwealth v. Aumick***, 297 A.3d 770 (Pa. Super. 2023) (*en banc*), which held that hearsay alone could serve as the sole basis for the SOAB expert to opine that the defendant is an SVP, the majority correctly affirms.  I join with the majority but write separately because, though binding, I disagree with ***Aumick***.

---

[*] Retired Senior Judge assigned to the Superior Court.

It is not surprising that I would disagree with the *en banc* **Aumick** decision because I wrote the initial panel decision that it supplanted. While the panel decision was withdrawn once the petition for reargument was granted, it is available at https://casetext.com/case/commonwealth-v-aumick. I incorporate it fully in this concurring memorandum. The panel decision held that the use of hearsay testimony alone to determine whether the defendant is an SVP violates a person's due process rights because hearsay alone cannot support a civil or even administrative find, as well as holding that just because an expert uses hearsay to arrive at an opinion, that does not magically convert hearsay facts into substantive evidence.

## I.

Rather than addressing the panel's reasons, the *en banc* **Aumick** decision held that given the statutory factors set forth in 42 Pa.C.S.§ 9799.24(a), the SOAB expert must use in his or her initial administrative assessment of whether the defendant was an SVP if that somehow excuses the Commonwealth from proffering competent factual evidence underlying the expert's opinion. It then goes on to state:

> In the context of an SVP hearing, the judge is not tasked with evaluating the veracity of the facts underlying the expert's testimony. See Prendes, 97 A.3d at 360 (explaining that an SVP hearing is not a trial and the primary purpose of the SVP registration requirements is to protect the public, not to punish the offender). Indeed, the facts presented at an SVP hearing are not being offered for the truth of the matter asserted, as would be the case in a true hearsay scenario. Instead, they constitute information, gleaned from records which are reasonably relied on in SOAB evaluations, that is presented to the trial court solely to

supply the basis for the expert's opinion in accordance with our Rules of Evidence. See Prendes, 97 A.3d at 362; see also Pa.R.E. 703, 705. Accordingly, the otherwise inadmissible facts reasonably relied upon by [SOAB] to explain the basis of her opinion, including the allegations of sexual abuse asserted by P.M., do not constitute substantive evidence. See Prendes, 97 A.3d at 361; see also Pa.R.E. 703, 705 and Cmt.

*Id.* at 776.

I do not understand the *en banc* holding that the trial judge is not tasked with evaluating the veracity of the underlying facts or that a hearing to determine whether a person is an SVP is not a "trial." It seems that decision requires that all governmental agencies were required to "cooperate by providing copies of records and information as requested by the board in connection with the court-ordered assessment ...." and that the SOAB report in making the initial assessment report somehow converts the hearsay evidence contained in those records to be treated as substantive evidence. In arriving at that conclusion, the *en banc* majority seems to have conflated what SOAB is supposed to do in making its initial determination of whether the defendant is an SVP with what the trial court is supposed to do in finding that the defendant is an SVP.

Under SORNA, once SOAB has made its administrative determination based on the factors set forth in Section 9799.24(b)(1)-(4), the trial court, under 42 Pa.C.S. § 9799.24(e), is required to hold a hearing where the Commonwealth must proffer competent facts underlying the SOAB expert's

opinion that would support the SVP determination.  That provision provides that:

> (1) A hearing to determine whether the individual is a sexually violent predator shall be scheduled upon the praecipe filed by the district attorney.  The district attorney upon filing a praecipe shall serve a copy of the praecipe upon defense counsel together with a copy of the report of the board.
>
> (2) The individual and district attorney shall be given notice of the hearing and an opportunity to be heard, the right to call witnesses, the right to call expert witnesses and the right to cross-examine witnesses.  In addition, the individual shall have the right to counsel and to have an attorney appointed to represent the individual if the individual cannot afford one.  If the individual requests another expert assessment, the individual shall provide a copy of the expert assessment to the district attorney prior to the hearing.
>
> (3) At the hearing prior to sentencing, the court shall determine whether the Commonwealth has proved by ***clear and convincing evidence*** that the individual is a sexually violent predator. (emphasis added).

42 Pa.C.S. § 9799.24 ( e ).  (emphasis added).

At the conclusion of the hearing, the trial court is then required to evaluate the veracity of those facts and to make a decision whether the SVP criteria are proven by clear and convincing competent evidence.

The clear and convincing evidence standard is not met by rank hearsay. Clear and convincing evidence is evidence that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." ***In re B.J.Z.***, 207 A.3d 914, 921 (Pa. Super. 2019) (citation omitted).  Hearsay evidence is not direct evidence or weighty or convincing because it is not competent evidence

and it does not become so just because it is laundered through expert testimony.

As I pointed out in the panel decision, our Supreme Court in *Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020), involving the use of hearsay at a preliminary hearing, reiterated its holding in *Commonwealth ex rel. Buchanan v. Verbonitz*, 525 Pa. 413, 581 A.2d 172 (1990), that hearsay alone is not sufficient to make out a *prima facie* case, unlike here, where even there was a post-deprivation hearing – the criminal trial. *Verbonitz* cited with approval Justice Flaherty's concurring opinion in *Unemployment Compensation Board of Review v. Ceja*, 427 A.2d 631, 647 (Pa. 1981), which stated that:

> "f]undamental due process requires that no adjudication be based solely on hearsay evidence." If more than "rank hearsay" is required in an administrative context, the standard must be higher in a criminal proceeding where a person may be deprived of his liberty. The testimony of a witness as to what a third party told him about an alleged criminal act is clearly inadmissible hearsay, Commonwealth v. Maybee, 429 Pa. 222, 239 A.2d 332 (1968), Commonwealth v. Whitner, 444 Pa. 556, 281 A.2d 870 (1971), and thus, does not constitute legally competent evidence. In this case the Commonwealth has failed to establish prima facie that a crime has been committed and that [the defendant] committed that crime.

*Verbonitz*, 581 A.2d at 174.

Accordingly, the use of rank hearsay to find a person an SVP imposing civil obligations as well as imposing criminal penalties for those who violate the SORNA provisions violates the defendant's rights to a fair hearing and

does not meet the preponderance of the evidence, let alone the clear and convincing evidence standard.

## II.

The *en banc* **Aumick** decision also holds that the trial judge is not tasked with evaluating the veracity of the underlying facts used by the expert in arriving at the determination. It reasons that because the purpose of the SVP determination is to protect the public and not punish the defendant, that due process rights of the defendant can be set aside and be deprived of a fair trial. That is incorrect for several reasons.

First, that reasoning ignores that a 42 Pa.C.S. § 9799.24(e) hearing requires the defendant receive a full-blown trial-type hearing at which the trial court makes a determination including the veracity, competency and credibility of all the evidence adduced before an SVP determination can be made. In short, due process where obligations are imposed or rights are taken away requires a judge to act as a judge, not a potted plant.

Second, just because the purpose of a statute is to protect the public does not mean that a person somehow loses a right to a fair trial. If that were so, a right to a fair hearing could be set aside in any civil matter that imposes penalties in the name of public safety when an administrative agency expert says the defendant did it or is a danger. Constitutionally, a person is entitled to a meaningful due process hearing because of the obligations and impediments and possible criminal sanctions flowing from an SVP

determination. To repeat, due process demands a hearing where the decision maker – the trial court – based on proven facts, not an unexamined opinion of an administrative agency employee, the SOAB expert, as the *en banc* **Aumick** majority suggests. ***See generally Mathews v. Eldridge***, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); **Morrissey v. Brewer**, 408 U.S. 471, 481, 92 S.Ct. 2593,(1972); *see also* Henry J. Friendly, *Some Kind of Hearing*, 123 U. PA. L. REV. 1267, 1279-95 (1975) (outlining 11 hallmarks of a fair hearing ranging from an unbiased tribunal to judicial review).

Having said all that, the *en banc* **Aumick** decision is binding precedent and, accordingly, I join with the majority decision in affirming the trial court.