## Commonwealth v. Chasten, Appellant.

Submitted January 18, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Harold L. Randolph,* for appellant.

*T. Michael Mather* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, March 25, 1971:

Appellant, James A. Chasten, was indicted for murder, voluntary manslaughter, and involuntary manslaughter of Paul Gross, arising out of a barroom brawl. The jury returned a verdict of guilty of voluntary manslaughter. Appellant, who was represented by counsel, filed motions for a new trial and in arrest of judgment, which were argued and denied. This appeal followed.

There was substantial difference in the testimony and in the evidence presented on the one side by the Commonwealth and on the other side by the appellant.

In examining the evidence, we are governed by our well settled principle of law: " 'It is hornbook law that the test of the sufficiency of the evidence—irrespective of whether it is direct or circumstantial, or both—is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. Commonwealth v. Finnie, 415 Pa. 166, 202 A. 2d 85; Commonwealth v. Burns, 409 Pa. 619, 634, 187 A. 2d 552; Commonwealth v. Kravitz, 400 Pa. 198, 161 A. 2d 861; Commonwealth v. Williams, 432 Pa. 557, 248 A. 2d 301 (1968).' See also, Commonwealth v. Terenda, 433 Pa. 519, 252 A. 2d 635; Commonwealth v. Lawrence, 428 Pa., supra; Commonwealth v. Tabb, 417 Pa. 13, 16, 207 A. 2d 885." *Commonwealth v. Commander,* 436 Pa. 532, 538, 260 A. 2d 773.

From the evidence, the jury could have found the following facts. On the evening of December 12, 1967, appellant and Gross (the deceased) were drinking at a taproom known as the J & H Bar in Philadelphia. A dispute arose between appellant and Gross over some change which was left on the bar from payment for a drink. The bartender, Emmitt Holland, testified that suddenly several of the patrons ran out of the bar, with appellant running "right behind" Gross. Shortly thereafter, Gross was present in another bar in the neighborhood, known as the Silver Note Bar. Appellant entered the bar, came up behind Gross and threw him from his bar stool to the floor. A patron, James King Bines, standing near the deceased, testified that he saw an object in appellant's hand with which he appeared to be striking Gross. Gross was able to shake himself loose and was chased and caught by the appel-

lant. He broke loose from the appellant a second time and was again thrown down to the floor by the appellant, who stabbed him several times and said: "I told you I would kill you." The bartender approached Gross and appellant told him, "Don't you say a word and don't you move, you have nothing to do with this." The police arrived a short time later to find appellant standing over Gross with a knife in his hand. At 2:25 A.M. on December 13, Gross was pronounced dead at St. Joseph's Hospital, and the cause of death, as determined by the Medical Examiner, was multiple stab wounds.

Appellant's first contention is that the trial Judge committed error in admitting color slides depicting the various wounds on Gross's nude body. The law concerning the admission into evidence of such slides or pictures is clearly set forth in *Commonwealth v. Dickerson*, 406 Pa. 102, 176 A. 2d 421. In that case, we pertinently said (page 109) : "In a murder trial, the admission of photographs of the victim is largely within the discretion of the trial court. Unless there is a flagrant abuse of discretion, we will not say that reversible error exists: Commonwealth v. Novak, 395 Pa. 199, 150 A. 2d 102 (1959). The fact that a photograph is gruesome is not sufficient legal reason in and of itself to exclude it. Commonwealth v. Capps, 382 Pa. 72, 114 A. 2d 338 (1955). Also permission of the use of color slides showing the bruised body of the deceased is not, in itself, error. The use of photographs, black or colored, should be reasonable and for a pertinent purpose: Commonwealth v. Johnson, 402 Pa. 479, 167 A. 2d 511 (1961)." See also, *Commonwealth v. Raymond*, 412 Pa. 194, 194 A. 2d 150; *Commonwealth v. Collins*, 440 Pa. 368, 269 A. 2d 882.

The purpose of these photographs or slides was to explain to the jury how the wounds were inflicted. They were shown in conjunction with the testimony of Dr.

Catherman, a pathologist who performed the autopsy on the deceased. Dr. Catherman testified as to the angle and depth of the stab wounds and suggested that two of the wounds had been inflicted from behind the victim. Eight different slides were carefully examined by the trial Judge and he chose to allow only three of these slides to be shown to the jury. In one of the slides, the trial Court had the deceased's face blocked out so as not to inflame the jury. Furthermore, at the conclusion of Dr. Catherman's testimony the trial Court specifically instructed the jury as to the purpose of admitting the slides. There was certainly no abuse of discretion in the admission of these slides—moreover, the trial Judge went to great lengths to protect appellant from any prejudice in their use.

The next contention of appellant is that Emmitt Holland substantially changed his testimony between the time he was called on direct and redirect examination and the statement he gave as a rebuttal witness. Holland testified on direct and redirect examination that appellant was "right behind" Gross as he ran out of the J & H Bar. While the District Attorney attempted to get Holland to state that appellant "chased" Gross out of the bar, Holland continued to characterize appellant's pursuit as "right behind" or "ran after" the deceased. When called in rebuttal, Holland stated that after he had testified on direct examination he had reread a statement he had given the police at the time of the accident, but he did not change his earlier testimony in any substantial manner.* We have carefully examined all of Holland's testimony and find no substantial inconsistencies in his testimony and therefore no prejudicial error.

---

\* Apparently Holland had used the word "chased" in his statement to the police, but this statement was not admitted at the time of trial.

Appellant's next contention is that the trial Court erred in failing to charge on the truthfulness of the testimony of James King Bines (the patron). No specific point for charge was asked on this point, nor was any objection made to this at the trial. As we have held on innumerable occasions, we will not consider on appeal any matter or alleged error unless it was properly raised by specific objection at the time of trial, or unless it is basic and fundamental error. Cf. *Commonwealth v. Jennings*, 442 Pa. 18, 274 A. 2d 767 (1971); *Commonwealth v. Commander*, 436 Pa., supra; *Commonwealth v. Williams*, 432 Pa. 557, 248 A. 2d 301; *Commonwealth v. Scoleri*, 432 Pa. 571, 248 A. 2d 295; *Glass v. Freeman*, 430 Pa. 21, 240 A. 2d 825.

Appellant's last contention is that there was insufficient evidence to find him guilty of voluntary manslaughter. Appellant testified that he was seated at a bar stool when Gross (the deceased) came up to him and stuck a gun in his side. Appellant's version is that he knocked Gross over a bar stool and Gross got to his feet and came after him with a knife. Appellant stated that he grabbed the knife from Gross and stabbed him in self-defense.* The jury chose to disbelieve appellant's version of the facts and properly (and from the record we believe wisely) disregarded his argument of self-defense.

There was undoubtedly sufficient evidence to prove beyond a reasonable doubt that appellant was guilty of voluntary manslaughter. Indeed, there was sufficient evidence for a jury to find a verdict of murder.

We find no merit in any of appellant's contentions.

Judgment of sentenced affirmed.

Mr. Justice JONES, Mr. Justice ROBERTS and Mr. Justice POMEROY concur in the result.

---

* Appellant was unable to produce a single witness to corroborate his version, nor was a gun ever found at the scene of the killing.