Commonwealth *v.* Fennell, Appellant.

Submitted May 5, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*George Philip Stahl, Jr.,* for appellant.

*Deborah E. Glass* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 28, 1971:
Appellant Haywood Fennell was tried before a jury for the murder of Joseph Hayes. Hayes died as the result of numerous stab wounds, which he suffered at the hands of two or more assailants at approximately 10:30 P.M. on May 19, 1968. An eyewitness to the incident, Thomas Montgomery, positively identified the appellant as one of the perpetrators. The jury found appellant guilty of murder in the first degree. Motions for a new trial and in arrest of judgment were filed and, after argument, denied. Appellant was sentenced to life imprisonment, and from the judgment of sentence appellant has appealed.

In this appeal, appellant raises three contentions. He first contends that the introduction of photographs of the scene of the crime was improper. The photographs which were introduced were taken by John Cahill, a Philadelphia police officer. These photographs were taken at approximately 1:30 A.M. on May 20, 1968. Since it was dark at the time the photographs were taken, it was necessary for Cahill to use a flash standard while taking the pictures. Appellant contends that the use of the flash standard made the scene seem lighter than it naturally was and, therefore, gave the wrong impression of what a person viewing the

crime could see.  At the time the pictures were received into evidence, and again during the charge to the jury, the trial Judge was careful to point out to the jury that the lighting in the pictures was unnatural and should not be considered as depicting the visibility which confronted the eyewitness, Thomas Montgomery, when he was looking out of his upstairs window.  The admission of photographs is within the discretion of the trial Court and will not be grounds for reversal absent a flagrant abuse of discretion.  *Commonwealth v. Chasten*, 443 Pa. 29, 275 A. 2d 305 (1971); *Commonwealth v. Robinson*, 433 Pa. 88, 249 A. 2d 536; *Commonwealth v. Dickerson*, 406 Pa. 102, 176 A. 2d 421; *Commonwealth v. Novak*, 395 Pa. 199, 150 A. 2d 102.  In light of the cautionary instructions which were given by the trial Judge, we find no abuse of discretion in admitting the photographs into evidence.

Appellant next contends that the trial Court improperly refused to withdraw a juror after the assistant district attorney had exhibited a 16-ounce Pepsi-Cola bottle to the jury.  During the testimony of Dr. Robert Catherman, the assistant district attorney showed him a 16-ounce Pepsi-Cola bottle, and the defense attorney immediately objected.  After a side-bar conference, the objection was sustained.*  Defense counsel moved for withdrawal of a juror, and this motion was denied.**  The trial Judge carefully instructed the jury to disregard the Pepsi-Cola bottle because

---

* At the side-bar conference, the assistant district attorney stated that she intended to prove, through Dr. Catherman, that a bottle of a similar nature was used to strike the deceased.

** Under Rule 1118 of the Pennsylvania Rules of Criminal Procedure, the motion for withdrawal of a juror has been abolished and the proper practice is to move for a mistrial.  Since this Rule became effective August 1, 1968, which was before the date of appellant's trial, we will treat his attorney's motion to withdraw the juror as a motion for mistrial.

it had no bearing on the case. The withdrawal of a juror is within the sound discretion of the trial Judge, and we will not reverse absent a flagrant abuse of discretion. Our review of the record, including the instructions by the trial Judge to the jury, clearly establishes that the denial of the motion to withdraw a juror was not an abuse of discretion.

Appellant's final contention is that the verdict was against the weight of the evidence. Since the appellant was convicted, we must view the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. *Commonwealth v. Schmidt*, 437 Pa. 563, 263 A. 2d 382; *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773; *Commonwealth v. Rightnour*, 435 Pa. 104, 253 A. 2d 644; *Commonwealth v. Frye*, 433 Pa. 473, 252 A. 2d 580; *Commonwealth v. Tabb*, 417 Pa. 13, 207 A. 2d 884; *Commonwealth v. Finnie*, 415 Pa. 166, 202 A. 2d 85; *Commonwealth v. Burns*, 409 Pa. 619, 187 A. 2d 552; *Commonwealth v. Jennings*, 442 Pa. 18, 274 A. 2d 767. Upon reviewing the record, we find that the evidence was sufficient to prove beyond a reasonable doubt that defendant was guilty of murder in the first degree.

Judgment of sentence affirmed.