220

*Harry C. Fithian,* District Attorney, for Common-wealth.

*John A. Felix,* for defendant.

GREEVY, P. J., January 4, 1973.—On May 9, 1963, defendant, Paul Ivan Ledsome, was convicted of burglary and five counts of armed robbery and on May 17, 1963, was sentenced to 15 to 40 years in a State

institution. On March 6, 1972, this court, in accordance with the action of the United States District Court for the Middle District of Pennsylvania, granted defendant the right to appeal nunc pro tunc. This court directed the testimony be transcribed and appointed counsel for defendant.

Motions in arrest of judgment and for a new trial were filed. The court will consider first the motion in arrest of judgment.

Motions in arrest of judgment are limited to errors appearing on the face of the record or the insufficiency of the evidence to sustain the charge: Act of June 15, 1951, P. L. 585, sec. 1, 19 PS §871. There are no errors appearing on the face of the record, so the sole question before us, on this motion, is whether there is sufficient evidence to sustain the verdict. This court is mindful that in passing upon a motion in arrest of judgment: "[T]he sufficiency of the evidence must be evaluated upon the entire trial record. All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove (citing cases)": Commonwealth v. Tabb, 417 Pa. 13, 16 (1965): Commonwealth v. Rankin, 441 Pa. 401, 404 (1971).

The test of the sufficiency of the evidence, whether direct or circumstantial, or both, is whether "accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted (citing cases)": Commonwealth v. Chasten, 443 Pa. 29, 31 (1971); Commonwealth v. Miller, 448 Pa. 114, 118 (1972); Commonwealth v. Oates, 448 Pa. 486, 489 (1972).

The material facts presented by the Commonwealth at trial are these: On October 3, 1961, two men entered the Internal Revenue Service office in Williamsport. Failing in their attempt to burglarize the safe, these men proceeded to rob the employes as they showed up for work. The robbery began around 7:40 a.m. and ended at approximately 8:10 a.m.

At the trial, the Commonwealth presented testimony from the victims attesting to the fact that a gun was used, and that money was taken.

As to identification of the defendant, the disguises worn prohibited positive identification of facial features; however, Mr. Griffin testified that defendant's voice was not unlike the voice of one of the robbers. The strength of the Commonwealth's case lay in an FBI analysis of certain items: combination tire iron and lug wrench, two screwdrivers, and a pipe wrench taken from defendant's car the morning after he was arrested. Defendant consented to the search and identified all of the items as his.

The items from defendant's car and some items taken from the scene of the crime were carefully tagged, placed in envelopes and taken to the laboratories of the Federal Bureau of Investigation for analysis.

Agent Flach of the FBI received the evidence and examined the tools taken from defendant's car. He testified that safe insulation was found crushed into the metal of the tire iron. He further stated that safe insulation is a special material used only in safes, and this particular mix of insulation is used by only three companies, one of whom, Mosler Safe Company, built the safe found in the Internal Revenue Service office. Safe insulation of this type was also found deposited on one of defendant's screwdrivers.

One of the screwdriver blades was the same width

as some of the marks found on the window sill. The other screwdriver blade matched the width of marks made on the safe insulation still in the safe door.

FBI agent Heiberger then testified that he analyzed the tools for paint residue and found paint on the pipe wrench which matched the safe door paint in color, texture and type. Similar paint particles were discovered on the tire iron and screwdrivers. .

There was further testimony that safes were painted by a special procedure which included two primer coats and a finish coat. Each layer is easily identifiable and each was found on the above-mentioned tools. This type of paint is not used on automobiles or wood.

In Commonwealth v. Bartlett, 446 Pa. 392, 401 (1972), the Supreme Court stated: "The law is clear that a person may be convicted on the basis of circumstantial evidence alone so long as the reasonable inferences arising from such evidence proves the fact in question beyond a reasonable doubt." Reading the entire testimony in the light most favorable to the Commonwealth, unquestionably the circumstantial evidence is sufficient to sustain the conviction and we accordingly dismiss defendant's motion in arrest of judgment.

## MOTION FOR A NEW TRIAL

As reasons for his motion for a new trial, defendant listed the following:

1. The jury verdict was contrary to the evidence or was against the weight of the evidence.

2. The jury verdict was contrary to the law or was against the weight of the law.

3. The seizure of personal property from defendant's automobile was in violation of defendant's constitutional rights.

4. The court's charge in regard to alibi was contrary to the law.

5. The court's charge was contrary to the law in that the charge directed a verdict of guilty.

In considering a motion for a new trial, since defendant was convicted, we must view the evidence, together with all reasonable inferences therefrom, in the light most favorable to the Commonwealth. See Commonwealth v. Fennell, 444 Pa. 1 (1971); Commonwealth v. Nestor, 183 Pa. Superior Ct. 350 (1957).

The granting or refusal of a new trial in criminal cases on grounds that the verdict is contrary to the evidence, to the weight of the evidence and to the law, is a matter largely within the discretion of the trial judge. See Commonwealth v. English, 446 Pa. 161, 163 (1971); Commonwealth v. Hartman, 383 Pa. 461 (1956).

The jury found defendant guilty on the basis of the sum of the above testimony as well as other testimony at the trial. We will not overturn the jury's evidentiary determinations unless they are clearly against the law. The evidence was sufficient in law to prove defendant's guilt beyond a reasonable doubt. See Commonwealth v. Weaver, 219 Pa. Superior Ct. 274, 277 (1971). We find that the verdict in this case is not contrary to the law nor against the weight of the law or the evidence.

Defendant next objects to the use in evidence of the tools taken from his car. The evidence alleged to have been illegally seized was not questioned prior to trial nor at trial. Now, for the first time, defendant challenges the admissibility of these tools that were admitted into evidence. "Appellant's objection to the evidence was not timely and should have been raised prior to the trial (citing cases)"; Commonwealth v. Scull, 200 Pa. Superior Ct. 122, 126 (1962). Neverthe-

less, we do not consider that the search and seizure were unreasonable or that the evidence was inadmissible at trial. The reasonableness of search and seizure must be decided by the facts of each particular case: Commonwealth v. Scull, supra. Here defendant was driving his car, which contained clothing in the back seat, and had a trailer attached to it, on Route 15 north toward New York State where his brother was living. Furthermore, defendant consented to the search of his car and requested a receipt for the items taken by the police after he gave his permission for the police to retain the tools. Accordingly, we find that defendant's constitutional rights were not violated.

Finally, defendant contends that the trial judge erred in several aspects of his charge to the jury. The first regards alibi:

"The evidence of the defendant's alibi may, either standing alone, or together with other evidence, be sufficient in your minds to create a reasonable doubt which, without the alibi evidence, would not otherwise exist."

When considering the charge it should be remembered that it must be examined in its totality and not isolated passages: Commonwealth v. Scoleri, 399 Pa. 110, 127 (1960), cert. denied 364 U.S. 849. The objection here is to the use of the word "would" instead of "might." This passage could not have misled or confused the jury in light of the total charge concerning alibi.

The second regards reasonable doubt. "If, after a careful consideration of the law and the evidence in this case, you are satisfied beyond a reasonable doubt of the guilt of this defendant, you should return your verdict in accordance with these instructions, but if you are not . . ." Again, considering the charge in its

totality, the court repeatedly admonished the jury that if they did not find defendant guilty beyond a reasonable doubt then they *must* find him not guilty.

At the beginning of the charge, the trial judge admonished the jury as follows:

"If, in these instructions, any rule, direction or idea be stated in varying ways, no emphasis thereon is intended by me and none must be inferred by you. For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others, but you are to consider all of the instructions and as a whole, and to regard each in the light of all the others."

At the conclusion of his charge the trial judge asked counsel: "[I]s there anything that has been misstated, omitted, distorted or overlooked? Is there anything further which ought to be said to the jury at this time?"

The district attorney and defendant's counsel both replied:

"No, your Honor."

Viewing the charge as a whole, we find it was fair and accurately stated the law. The charge in its entirety affords no grounds for the reversal of the judgment and sentence. Defendant's rights were fully protected by the charge in its totality.

Accordingly, we find defendant's last two contentions to be without merit.

The motions in arrest of judgment and for a new trial are without merit. Defendant had a fair trial and there was ample evidence to justify and sustain the conviction. Substantial justice has been done and the verdict is such as it should be under the evidence. Therefore, defendant's motions in arrest of judgment and for a new trial must be refused and denied; thus we make the following

## ORDER

And now, January 4, 1973, it is ordered, adjudged and decreed, that the motion of defendant for a new trial be and hereby is refused and the motion of defendant in arrest of judgment is denied.