**Commonwealth v. Brown**

*Allen E. Ertel,* District Attorney, for Commonwealth.

*Peter .T. Campana,* for defendant.

GREEVY, P. J., January 9, 1974.—On June 29, 1973, defendant, Robert Lee Brown, after jury trial, was convicted of burglary and armed robbery. Motions in arrest of judgment and for new trial were filed.

The court will consider first the motion in arrest of judgment. Motions in arrest of judgment are limited to errors appearing on the face of the record or the insufficiency of the evidence to sustain the charge: Act June 15, 1951, P. L. 585, sec. 1, 19 PS §871. Defendant does not aver that there is error appearing on the face of the record; therefore, the only question before us on this motion is whether there is sufficient evidence to sustain the verdict.

This court is mindful that, in passing upon a motion in arrest of judgment, "the sufficiency of the evidence must be evaluated upon the entire trial record. All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which Commonwealth's evidence tends to prove (citing cases)": Commonwealth v. Tabb, 417 Pa. 13, 16 (1965); Commonwealth v. Rankin, 441 Pa. 401, 404 (1971).

The test of the sufficiency of the evidence, whether direct or circumstantial, or both, is whether "accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted (citing cases)": Commonwealth v. Chasten, 443 Pa. 29, 31 (1971); Commonwealth v.

Miller, 448 Pa. 114, 118 (1972); Commonwealth v. Oates, 448 Pa. 486, 489 (1972).

The material facts presented by the Commonwealth at trial are these: At approximately 3 a.m. on September 20, 1972, three black males entered the Holiday Inn Motel in Williamsport. While holding the night auditor at gunpoint, one of the persons rifled various drawers behind the front desk in the motel lobby. The men proceeded to remove and flee with a deposit drawer containing about $2,300 in cash and checks.

At the trial, the Commonwealth presented testimony from Mr. Everett R. Shaddy, night auditor at the Holiday Inn attesting to the fact that a gun was used and that a deposit drawer and money were taken.

As to the identification of defendant, the night auditor testified that the three men were Negroes and gave a general description but could not be more specific because of his nervous emotional state at the time and because he was forced to lie on the floor during most of the robbery. The strentgh of the Commonwealth's case lay in a latent fingerprint of defendant which was discovered on the face of a filing cabinet in the area behind the front desk where one of the individuals had been rummaging through the drawers.

Trooper Trout, who was assigned to the Records and Identification Section of the State Police, Montoursville Barracks, testified that upon arriving at the scene the front desk area was covered with paper. This he removed and began dusting the area for fingerprints. In the course of dusting, two latent prints were developed, one of which was marginal in quality. The other, however, was lifted and a comparison made with a print of defendant. The two prints were found to have been made by the same person.

Corporal Balshy of the State Police, a latent print examiner with the Records and Identification Division of Departmental Headquarters, Harrsiburg, testified that he made a comparison and that the prints were made by the same finger of the same individual, namely, defendant.

Defendant did not deny that the fingerprint was his but sought to explain the presence of this print on the filing cabinet. Defendant testified that some time during the last week of September 1972, he had visited a friend, Steven A. Schromm, who was working as a night clerk at the Holiday Inn. Defendant testified that during the course of this visit, he had been behind the front desk. We find this explanation is devoid of any merit. At trial, George R. Sober, a janitorial service employe, testified that he had completely dusted and cleaned the area behind the front desk by wiping all of the surfaces with a treated cloth shortly before the robbery as was his regular practice six days a week. In further support of our finding is the employment record at the Holiday Inn of Steven A. Schromm. As shown by employment record of Steven A. Schromm, his employment terminated August 15, 1972, more than a month before the robbery. It is obvious that the jury believed that part of defendant's testimony concerning his presence in the Holiday Inn in the early hours of September 20, 1972, but disbelieved his stated reason for being there.

In Commonwealth v. Bartlett, 446 Pa. 392, 401 (1972), the Supreme Court stated:

"The law is clear that a person may be convicted on the basis of circumstantial evidence alone so long as the reasonable inferences arising from such evidence proves the fact in question beyond a reasonable doubt."

Reading the entire testimony in the light most

favorable to the Commonwealth, the circumstantial evidence is sufficient to sustain the conviction and we accordingly dismiss defendant's motion in arrest of judgment.

We next consider the motion for a new trial. As reasons for his motion, defendant listed the following:

"1. The verdict was against the evidence.

"2. The verdict was against the weight of the evidence.

"3. The verdict was contrary to law.

"4. Such other reasons that may appear upon the filing of the transcript of the record in this case."

(Note: No further reasons were filed.)

In considering motion for a new trial, the evidence must be viewed together with all reasonable inference therefrom in the light most favorable to the Commonwealth: Commonwealth v. Fennell, 444 Pa. 1 (1971); Commonwealth v. Nestor, 183 Pa. Superior Ct. 350 (1957).

Furthermore, the granting or refusal of a new trial in a criminal case where the grounds stated is that the verdict is contrary to the law, is a matter largely within the discretion of the court: Commonwealth v. Hartman, 383 Pa. 461 (1956).

On the basis of the sum of all the testimony at trial, which included identification of defendant through a fingerprint found at the scene, the jury found defendant guilty of burglary and armed robbery. It is not for us to overturn the jury's evidentiary determinations unless they are clearly against the law: Commonwealth v. Weaver, 219 Pa. Superior Ct. 274, 277 (1971).

We find that the jury's verdict is not contrary to the evidence or the weight of the evidence, or the law.

Defendant contends in his brief, but not included in his motion for a new trial, that the court should

grant him a new trial on the grounds that "(1) Commonwealth's Exhibits No. 4 and 5 were the fruits of an illegal search and the Commonwealth is not able to show that the testimony at trial was· harmless error beyond a reasonable doubt, or (2) Although Commonwealth's Exhibits No. 4 and 5 were not the fruits of an illegal search they were incompetent evidence and when they came into the jury's view a fair trial was substantially impugned and reversible error committed."

The exhibits in question were "ammunition and a pair of sneakers" that were secured through a search pursuant to a warrant of premises located and known as 129 Randall Circle, Williamsport. Defendant contends that the search warrant was illegal because it was issued without sufficient factual basis to conclude that he lived at 129 Randall Circle, that the warrant did not state the rooms occupied by defendant and did not particularly describe ammunition and sneakers as items to be seized.

A search warrant may be issued only upon a showing of probable cause to issue the warrant. "Probable cause requires proof of facts and circumstances as would excite an honest belief in a reasonable mind, acting on all the facts and circumstances within knowledge of the magistrate, that the charge made by the applicant for the warrant is true": Commonwealth v. Griffin, 200 Pa. Superior Ct. 34, 39 (1962).

At the suppression hearing, it was attested that the following facts were before the magistrate when the search warrant was issued: That the Holiday Inn had been robbed at gunpoint by three black males on September 20, 1972, and cash, checks and a deposit drawer were taken. Defendant's fingerprint had been found in the immediate area behind the front desk where drawers had been rifled by the indi-

viduals responsible for the robbery. The police officer seeking the warrant stated that a confidential source had informed him that defendant may be living at 129 Randall Circle. Information supporting the informant's past reliability was presented to the magistrate. The officer also stated that neighbors who wished to remain anonymous for self-protection, identified defendant as being at the Randall Circle address and informed the officer that defendant was observed at a picnic table counting money, during the early morning hours following the crime. Further, the officer stated that during the course of his investigation he had personally visited the premises and had been admitted inside by defendant. The premises were a one-story dwelling.

(These facts were derived from testimony at the suppression hearing held June 28, 1973, and from a recording of oral testimony given before the district justice, which was entered into evidence at the suppression hearing under the procedure discussed in Commonwealth v. Crawley, 209 Pa. Superior Ct. 70 (1966); affirmed per curiam 432 Pa. 627 (1968); Pennsylvania Rule of Criminal Procedure 2003 has changed this procedure and now prohibits the use of any evidence outside the affidavits. See Commonwealth v. Milliken, 450 Pa. 310, 300 A. 2d 78 (1973).)

Upon the above facts a search warrant was requested to search the premises at 129 Randall Circle for a plywood desk drawer, checks stamped "For deposit only—Holiday Inn," a "Department Cashier's Report," any black revolver-type handgun and a dark jacket with purple patches in the chest area. The first of these items were those which the night clerk identified as being taken in the robbery and the latter were items identified by the clerk as being in the possession of the individuals responsible for the robbery.

From these facts and circumstances we held that the district justice could properly " 'judge for himself the persuasiveness of the facts relied on . . . to show probable cause' " as required in Aguilar v. Texas, 378 U. S. 108, 114, and properly found probable cause to support a warrant for the search of the premises at 129 Randall Circle.

With respect to defendant's contention that the warrant did not describe the rooms he occupied with sufficient particularity, we hold that where it does not appear that a person is limited to any particular room or rooms in a single-dwelling unit, a warrant describing the premises by street number and name is limited, as nearly as could be, and is, therefore, valid: Commonwealth v. Smyser, 205 Pa. Superior Ct. 599 (1965).

Defendant's claim that the sneakers and ammunition were illegally seized is without merit. Although these items were not specifically mentioned in the warrant, they were discovered and seized pursuant to a valid search. Items seized pursuant to a valid search, if reasonably connected to the purpose of the search, are not seized improperly and need not be suppressed: Commonwealth, ex rel. Stoner v. Myers, 199 Pa. Superior Ct. 341 (1962).

In answer to defendant's contention that reversible error was committed when testimony was given concerning the exhibits in question and when the exhibits came into the view of the jury, we find that even if the search had been illegal and the evidence illegally seized, any error in allowing it to come into the jury's view was harmless beyond a reasonable doubt. The sneakers seized were black and white, while the only witness to the crime teastified that one of the robbers wore white tennis shoes. The contradiction between the evidence seized and the testimony given is an obvious one. The contradiction could have

been of some benefit to the accused, it could not have been detrimental. Further, although possession of ammunition is not a usual thing it is common enough in this area of the Commonwealth during the fall months, so that such possession could not have been a deciding factor to the jury. (Note that the tennis shoes and ammunition were not admitted into evidence by the court.)

On the basis of the foregoing, we issued an order on January 9, 1974, denying defendant's motion for a new trial and in arrest of judgment.