Commonwealth *v.* Wright, Appellant.

Argued December 5, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

Before MCGLYNN, JR., J.

*Louis W. Fryman,* with him *Ronald Ervais,* and *Becker, Fryman & Ervais,* for appellant.

*James Garrett,* Assistant District Attorney, with him *David Richman,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., April 3, 1974:

This is an appeal from a judgment of sentence, following a jury trial, on charges of bribery and corrupt solicitation.[1] The issues raised by the defendant-appellant on appeal involve the admissibility into evidence of a tape recording, the transfer of the case from the Philadelphia Municipal Court to the Philadelphia Court of Common Pleas, and the correctness of the lower court's charge. For the reasons hereinafter stated, we affirm.

---

[1] Act of June 24, 1939, P. L. 872, §§ 303-04, *as amended,* 18 P.S. §§ 4303-04, *repealed,* Act of December 6, 1972, P. L. 1482, No. 334, § 5.

Appellant asserts that a tape recording was erroneously admitted into evidence over objection. It is his contention that the recording was not properly authenticated, that its poor quality and prejudicial nature precluded its evidentiary use, and that testimony relating to its custody in police hands was not credible. A brief summary of certain testimony and events at trial will be helpful to a disposition of this issue:

Officer James Malloy testified that on March 14, 1972, the defendant, James Wright, a Philadelphia police officer, approached Malloy. Malloy stated that the defendant handed him $250 to be divided among the members of Malloy's squad for the purpose of influencing them to not arrest certain persons involved in the gambling operations of a specified individual.

Following this meeting, Malloy notified his superiors, who instructed him to arrange another meeting. Malloy contacted the defendant on April 7th and arranged to meet him at 49th Street and Woodland Avenue. Before proceeding to the meeting, Officer Malloy was equipped with a microphone and transmitting device. A tape recorder was installed in the trunk of Malloy's car by Officer Thomas Howard who then started the recording device. Malloy proceeded to 49th and Woodland and parked his car.

Officer Joel Goodwin testified that he drove the defendant to 49th and Woodland at the request of the defendant who stated that he was to meet an informant. Officer Goodwin stated that the defendant left their car for a few minutes but due to the obstructed vision he could not state where the defendant had gone.

Officer Malloy testified that a few minutes after he parked his car, Wright approached the car, got in, and handed Malloy $275 to be divided among the members of his squad. Wright was arrested later the same day.

At a jury trial in the Court of Common Pleas for Philadelphia County the defendant-appellant was found not guilty on charges relating to the alleged incident of March 14, 1972. He was found guilty on charges of bribery and corrupt solicitation relating to the April 7th incident.

At the trial, the court permitted the Commonwealth to introduce into evidence the tape recording, which was of admittedly poor quality, of the April 7th meeting between Malloy and appellant. Counsel for appellant objected to the admission of the tape on several grounds. The trial court held a hearing on the admissibility of the tape, at which time the tape was played for the court out of the presence of the jury. The court concluded that the tape was of such poor technical quality that it would be inadmissible to prove the contents of the conversation. However, the court ruled that the tape was admissible for the limited purpose of showing "that a conversation was recorded." With appropriate cautioning instructions, the tape was played to the jury.

With respect to the appellant's contention that the tape was not properly authenticated, it is the general rule that there are two prerequisites to the admission of tape recordings into evidence. First, the recording must be identified as a true and correct reproduction of the statements made; and, secondly, the voices must be properly identified. *Commonwealth v. Leamer*, 449 Pa. 76, 295 A.2d 272 (1972); *Commonwealth v. Lopinson*, 427 Pa. 284, 234 A.2d 552 (1967), *cert. denied*, 411 U.S. 986 (1973); *Commonwealth v. Bolish*, 381 Pa. 500, 113 A.2d 464 (1955); *see also Commonwealth v. Hart*, 403 Pa. 652, 170 A.2d 850, *cert. denied*, 368 U.S. 881 (1961). The purpose of such a rule is to assure that the recording is what it purports to be. Where, as here, the recording purports to be only evidence of the *existence* of a certain conversation, not of its *con-*

*tents,* it is properly authenticated by such testimony as existed here. Officer Malloy identified the voices on the tape as his own and that of James Wright, the appellant. Malloy further identified the conversation on tape as that which was held at 49th Street and Woodland Avenue. Additionally, Officer Howard testified that he installed the recording device prior to Malloy's meeting with the defendant and subsequent to the meeting unlocked and removed the same tape. We find that the recording was properly authenticated.

With respect to the contention that the poor technical quality of the tape recording militated against its admission, we must recognize the general rule that the admissibility of evidence is a matter within the discretion of the trial court. *Commonwealth v. Bartlett,* 446 Pa. 392, 288 A.2d 796 (1972) ; *Commonwealth v. Fennell,* 444 Pa. 1, 278 A.2d 884 (1971) ; *see Commonwealth v. Powell,* 428 Pa. 275, 241 A.2d 119 (1968) ; *Commonwealth v. Novak,* 395 Pa. 199, 150 A.2d 102, *cert. denied,* 361 U.S. 882 (1959). Such a rule has been applied to tape recordings. *United States v. Bryant,* 480 F.2d 785 (2d Cir. 1973) ; *United States v. Frazier,* 479 F.2d 983 (2d Cir. 1973) ; *United States v. Avila,* 443 F.2d 792 (5th Cir.), *cert. denied,* 404 U.S. 944 (1971) ; *United States v. Weiser,* 428 F.2d 932 (2d Cir. 1969), *cert. denied,* 402 U.S. 949 (1971) ; *United States v. Carlson,* 423 F.2d 431 (9th Cir.), *cert. denied,* 400 U.S. 847 (1970).

In the instant case, the trial court ruled that the tape recording, due to its poor technical quality, would be admissible only for the limited purpose of showing that a conversation was recorded. Evidence which is admissible for one purpose does not become inadmissible merely because it would be inadmissible if offered for another purpose, *Bialek v. Pittsburgh Brewing Co.,* 430 Pa. 176, 242 A.2d 231(1968), and we cannot say that for the purpose of corroborating the fact that a

conversation was recorded the tape was without evidentiary value. Considering the evidentiary purpose which the tape served it has a probative value even though substantial portions are inaudible. *State v. Zicarelli*, 122 N.J. Super. 225, 300 A.2d 154 (1973), *cert. denied*, 414 U.S. 875 (1974). Certainly, the tape recording showed that some conversation took place between the time the recording device was installed and removed. Officer Malloy testified that he was, during that time, at 49th Street and Woodland Avenue. Other evidence placed the appellant at the same location during that time period. The recording has probative value to that extent and was admissible for that purpose. The "tape had probative value for reasons other than what was said. Inaudibility had no relevance to those reasons." *State v. Zicarelli*, supra at 240, 300 A.2d at 162; *cf. Commonwealth v. Glover*, 446 Pa. 492, 286 A.2d 349 (1972). *See United States v. Skillman*, 442 F.2d 542 (8th Cir.), *cert. denied*, 404 U.S. 833 (1971); *cf. People v. Hanggi*, 265 Cal. App. 2d Supp. 969, 70 Cal. Rptr. 540 (1968).

Nor was the tape's admission so unfairly prejudicial as to outweigh its probative value, thus constituting an abuse of discretion by the lower court.[2] The court gave a fully adequate instruction that the jury was to disregard any discernible content of the recorded conversation, *Commonwealth v. Fennell*, supra; *Commonwealth v. Chasten*, 443 Pa. 29, 275 A.2d 305 (1971); *see Bialeck v. Pittsburgh Brewing Co.*, supra; *United States v. Skillman*, supra, and the Commonwealth's version of the conversation as to content had

---

[2] It is a well-settled rule that the admission of evidence which may tend to inflame the minds of the jury is admissible at the trial court's discretion, and an appellate court will reverse only upon a showing of abuse of discretion. *Commonwealth v. Bartlett*, 446 Pa. 392, 288 A.2d 796 (1972); *Commonwealth v. Powell*, 428 Pa. 275, 241 A.2d 119 (1968).

been previously testified to by Officer Malloy, who was available for cross-examination. *See United States v. Bryant,* supra; *State v. Zicarelli,* supra.

With respect to the chain of custody argument, we have examined the entire record and find that defendant's contention that the recording was therefore inadmissible is without merit. *Cf. Commonwealth v. Mazarella,* 279 Pa. 465, 124 A. 163 (1924).

Appellant also assigns as error the certification and transfer of his case from the Philadelphia Municipal Court to the Philadelphia Court of Common Pleas. With this contention we cannot agree. Section 18 of the Philadelphia Municipal Court Act[3] is intended to prevent the backlogging of cases in the municipal court. In accordance with General Court Regulation 71-16 of the Philadelphia Court of Common Pleas the trial judge validly acted within his authorized discretion in approving the certification.

Appellant's third contention on appeal is a challenge to the court's charge to the jury on the offenses of bribery and corrupt solicitation. We note that with respect to each error alleged, defendant-appellant neither objected to nor requested correction of the charge before the jury retired to deliberate.[4] Pa. R. Crim. P. 1119(b) states that "[n]o portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires . . .". Therefore these issues will not be considered by this Court on appeal unless basic and fundamental error is shown to exist. *Commonwealth v. Jennings,* 442 Pa. 18, 274 A.2d 767 (1971). We find no

---

[3] Act of October 17, 1969, P. L. 259, § 18, *as amended,* 17 P.S. § 711.18 (Supp. 1973-74).

[4] Appellant did object to the court's refusal to include two of his points for charge. However, both of those points were incorrect statements of the law and properly refused by the court. Appellant did not further object.

error in the charge which would qualify as basic and fundamental error.

Judgment affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

I respectfully dissent from the Majority's holding that the trial court did not commit reversible error when it submitted an admittedly garbled recording for the jury's deliberation.

Appellant was charged with bribery and solicitation arising from two separate incidents. On March 14, 1972, appellant allegedly handed James Malloy, a Philadelphia police officer, $250 to be divided among members of his squad for the purpose of ignoring a suspected gambling operation. On advice from superiors, Officer Malloy set up a second meeting demanding additional monies, which was held on April 7, 1972. Malloy allegedly taped the meeting on a hidden recorder and testified that it reflected a second transaction involving the "gift" or $275 to "look the other way."

In his opening remarks, the district attorney previewed the importance he wished the jury to attribute to the recording: ". . . that tape recording . . . clearly will show to you that it was the intention and purpose of that money to pass from Mr. Wright to James Malloy for the purpose of corruptly influencing the remaining members of James Malloy's squad." When the Commonwealth attempted to introduce the recording, the trial court asked to hear the recording in chambers before it could be played before the jury. After hearing the tape, the trial judge stated that the tape was of such "poor quality" as to be virtually "indistinguishable . . . [as to] what they were saying." He, therefore, refused to allow the admission of the recording to evidence the *content* of the conversation, but,

over the objection of defense counsel, ruled that it could be admitted to show that a *conversation took place.*

The jury found the appellant not guilty on the charges arising out of the alleged March 14th transaction, but found the appellant guilty of said offenses with respect to the April 7th meeting.

It is significant to note that the trial judge, who admitted that the recording was hopelessly garbled, nevertheless, instructed the jury in the following manner: "Ladies and gentlemen, we are going to have a tape played. But I have a judgment that it is of such poor quality that it cannot be used as proof of facts which were related thereon, because it can be misinterpreted, you see, because some of the words are indistinguishable. *You will have to determine for yourselves whether or not there are two voices.* And this is being offered as part of the Commonwealth's case, ladies and gentlemen, if you believe that a conversation was recorded." (Emphasis added.) Unable to discern the identity of the speakers, or if in fact whether there was more than one voice on the tape, the trial court left the question to the jury for its determination. This, I believe was error. Our Supreme Court has held that ". . . tape recordings are admissible in evidence when they are properly identified and are a true and correct reproduction of the statements made, and when the voices are properly identified." *Commonwealth v. Bolish,* 381 Pa. 500, 524, 113 A. 2d 464 (1955); *Commonwealth v. Hart,* 403 Pa. 652, 660, 170 A. 2d 850, *cert. den.* 368 U.S. 881 (1961); *Commonwealth v. Lopinson,* 427 Pa. 284, 308, 234 A. 2d 552 (1967). It is for the trial court, and not the jury, to determine the admissibility of evidence and the competency of witnesses. See, e.g., *Thomas v. Ribble,* 404 Pa. 296, 172 A. 2d 280 (1961); *Wagner v. Somerset*

*County Memorial Park,* 372 Pa. 338, 93 A. 2d 440 (1953). It is the province of the jury to decide as to the weight and sufficiency of the evidence only after the trial court has decided the preliminary question of admissibility or competency of the evidence.

In the case of documents or recordings, it is the duty of the trial court to insure that the evidence is properly authenticated before submitting the matter to the jury. Such authentication must include proper identification of the evidence, including a verification that the individuals purporting to engage in the communication is satisfactorily demonstrated; and, that the recording or document must be a "true and correct reproduction of the statements made." It is only after these initial determinations that a trial court may properly submit the evidence to the jury on the question of weight and sufficiency. In the instant case, the trial court clearly failed to make the authentication necessary. Both the lower court and the majority emphasize that the complaining witness, the alleged participant in this two-way conversation, provided the identification necessary for authentication. Considering the garbled nature of the recording, and the indiscernible content thereof, I do not believe that the complainant may provide the supporting testimony necessary to cure the "poor quality" of the evidence. In any case where the recording may not "speak for itself" or where a third person, disinterested to the case in question, may not corroborate or provide sufficient identity of the voices, such identity may not be provided by the party seeking to incriminate the defendant by its admission. It is evident that the admission of the recording was damaging to the defendant's case. The charges arising from the original meeting were, in the minds of the jurors, not sufficiently proven. The only difference in the quality and quantity of evidence arising out

of the second meeting, upon which rests appellant's conviction, is the admitted recording. I do not believe that the trial court should have permitted the jury to speculate on the quality of the recording and the identity of the voices thereon.

The judgment of sentence should be reversed, and appellant granted a new trial.

SPAETH, J., joins in this dissenting opinion.